**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **DEVIN G. NUNES,** <br><br> Plaintiff, <br><br> v. <br><br> **CABLE NEWS NETWORK, INC.,** <br><br> Defendant. | Civil No.:  3:19-CV-00889 |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO TRANSFER**

WILLIAMS & CONNOLLY LLP

Dane H. Butswinkas (VSB No. 30562)
Kevin T. Baine (*pro hac vice* application pending)
Stephen J. Fuzesi (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com

*Attorneys for Cable News Network, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT ..........................................................................................................................4

I.     REP. NUNES COULD HAVE BROUGHT THIS ACTION IN THE
SOUTHERN DISTRICT OF NEW YORK. .................................................................5

II.    THE 1404(A) FACTORS SUPPORT TRANSFER ......................................................6

       A.    Plaintiff's Choice of Forum. .................................................................6

       B.    Witness Convenience and Access. ........................................................8

       C.    Convenience of the Parties. ...................................................................9

       D.    Interests of Justice .................................................................................9

CONCLUSION ......................................................................................................................11

# **TABLE OF AUTHORITIES**

## **CASES**

*Acterna, LLC v. Adtech, Inc.*, 129 F. Supp. 2d 936 (E.D. Va. 2001)..............................................7

*Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322 (E.D. Va. 2004).............................5

*Arthur v. Offit*, 2010 WL 883745 (E.D. Va. Mar. 10, 2010) .........................................................11

*Bd. Tr. Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1259 (E.D. Va. 1988) ........................................................................10

*Broadspring, Inc. v. Congoo, LLC*, 2014 WL 4100615 (S.D.N.Y. Aug. 20, 2014) .......................10

*Condit v. Dunne*, 317 F. Supp. 2d 344 (S.D.N.Y. 2004) ...............................................................10

*Falls v. Katmai Support Servs., LLC*, 2014 WL 6900916 (E.D. Va. Dec. 5, 2014) ..................6, 10

*Hengle v. Curry*, 2018 WL 3016289 (E.D. Va. June 15, 2018) ................................................5, 10

*King v. Am. Broad. Cos.*, 1998 WL 665141 (S.D.N.Y. Sept. 28, 1998).........................................10

*Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627 (E.D. Va. 2003)...............................................6, 7

*PBM Nutritionals, LLC v. Dornoch Ltd.*, 667 F. Supp. 2d 621 (E.D. Va. 2009) ............................3

*Phillips v. Uber Techs., Inc.*, 2016 WL 165024 (E.D. Va. Jan. 13, 2016) ...............................10, 11

*Rohn Padmore, Inc. v. LC Play Inc.*, 679 F. Supp. 2d 454 (S.D.N.Y. 2010) ................................10

*Seaman v. IAC/InteractiveCorp., Inc.*, 2019 WL 1474392 (E.D. Va. Apr. 3, 2019)............. passim

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)..................................................................4, 9

*StrikeForce Techs., Inc. v. SecureAuth Corp.*, 2017 WL 8809781 (E.D. Va. June 9, 2017) ........................................................................................................................9, 11

*Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) ...........................................................................................5, 6

*United States v. Parnas*, No. 19-cr-725 (S.D.N.Y. Jan. 3, 2020) ...............................................3, 8

## **STATUTES**

28 U.S.C. § 1332.............................................................................................................................5

28 U.S.C. § 1391.............................................................................................................................6

28 U.S.C. § 1404(a) ..................................................................................................................1, 4

N.Y. C.P.L.R. 302(a)(1).................................................................................................................5

**INTRODUCTION**

This case was brought in the Eastern District of Virginia for no apparent reason other than the fact that plaintiff's attorney is located here. It should be transferred under 28 U.S.C. § 1404(a) to the district with the most significant connections to the case: the Southern District of New York.

Representative Devin Nunes is suing Cable News Network, Inc. ("CNN") over an online report that a witness was prepared to testify that Rep. Nunes had met with a former Ukrainian prosecutor to discuss "digging up dirt on Joe Biden," and on-air coverage of that report on the *Cuomo Prime Time* program. The underlying events did not take place in Virginia, CNN's coverage did not mention Virginia, none of the reporting took placed in Virginia, and the plaintiff does not live in Virginia. The author of the online report, Vicky Ward, is based in New York, as is anchor Chris Cuomo and the *Cuomo Prime Time* program. The main source cited in the reporting, Joseph Bondy, a lawyer for the witness, is in New York. And the witness, Lev Parnas—an associate of Rudy Giuliani, the President's personal attorney (also from New York)—is a Florida resident under indictment in the Southern District of New York on campaign finance charges.

Plaintiff's lawyer is in the Eastern District of Virginia. But it is settled that "convenience to counsel is not an appropriate consideration in resolving a motion to transfer venue." *Seaman v. IAC/InteractiveCorp., Inc.*, 2019 WL 1474392, at *5 n.7 (E.D. Va. Apr. 3, 2019) (Payne, J.) (quotation marks omitted). Plaintiff's counsel should be well aware of that proposition, having had at least three prior lawsuits "transferred to different venues because the events at issue had few, if any, ties to Virginia." *See id.* at *7 n.8 (citing two cases in addition to *Seaman*). Indeed, in *Seaman*, one of those cases, this Court transferred the case to the Southern District of New York on facts very similar to the ones in this case, involving a defamation claim related to an online news article written in New York.

1

"As noted by the EDVA many times over, this Court cannot stand as a willing repository for cases which have no real nexus to this district." *Id.* at *7 (brackets and quotation marks omitted). This case has no nexus at all to this District. It should be transferred.

## BACKGROUND

The facts of the case are discussed in more detail in CNN's Rule 12(b)(6) Motion to Dismiss and supporting memorandum of law, which are being filed simultaneously with this Motion. The facts most significant to this Motion are as follows.

Rep. Devin Nunes is a California citizen and Congressman. Compl. ¶ 4. He represents "California's 22nd Congressional District, which is located in the San Joaquin Valley and includes portions of Tulare and Fresno Counties." *Id.* He is, by his own account, a "prominent" Republican congressman, who serves as the Ranking Member on the House Intelligence Committee. *Id.* ¶¶ 3, 4. In that role, Rep. Nunes has occupied a central role in the ongoing impeachment proceedings. He boasts in his Complaint that he "spearheaded Republican efforts to investigate and defend the truth during the impeachment inquiry." *Id.* ¶ 41(j).

The present lawsuit concerns two CNN publications that Rep. Nunes claims were defamatory: an online news report and coverage of that report on an evening news program. On November 22, 2019, CNN published its online report, *Exclusive: Giuliani associate willing to tell Congress Nunes met with ex-Ukrainian official to get dirt on Biden*. *Id.* ¶ 30.[1] The article reported that an attorney for Lev Parnas, an associate of President Trump's personal attorney Rudy Giuliani, was prepared to testify that Rep. Nunes met with a former Ukrainian prosecutor about digging up dirt on Joe Biden. The report quoted the lawyer, Joseph Bondy, who spoke to CNN on the record:

---

[1] A copy of the article is attached as Ex. A. A video of the telecast is attached as Ex. B. A transcript of the telecast is attached as Ex. C.

2

"Mr. Parnas learned from former Ukrainian Prosecutor General Victor Shokin that Nunes had met with Shokin in Vienna last December." *See* Ex. A. The article noted that, in addition to attempting to obtain comment from Rep. Nunes and his staff on multiple occasions, CNN also sought comment from Mr. Giuliani, Mr. Shokin, and others. *See id.*

Mr. Bondy, the main source for the report who was cited by name more than 20 times in the article, is from New York. Ex. A; Ex. D, Declaration of Vicky Ward ("Ward Decl.") ¶ 5.[2] His client, Mr. Parnas, is a resident of Florida who is currently under indictment in the Southern District of New York on campaign finance charges.[3] The Southern District of New York is currently overseeing the disclosure of various records seized from Mr. Parnas to House impeachment investigators.[4]

The report was authored by CNN senior reporter Vicky Ward, who lives in New York, works at CNN's New York office, and wrote the article in New York. Ward Decl. ¶ 4. Three other CNN journalists are credited as contributing to the report. *See id.* ¶ 6; Ex. A. They supported

---

[2] The Court can take judicial notice of the New York courts' attorney directory, which reflects that Mr. Bondy's office address is "1841 Broadway Ste 910, New York, NY 10023-7603." *See* Attorney Detail for Joseph Aaron Bondy, New York State Unified Court System, https://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=AFJFNsEn20xK49vLK%2F DOsA%3D%3D; *PBM Nutritionals, LLC v. Dornoch Ltd.*, 667 F. Supp. 2d 621, 626 (E.D. Va. 2009) (explaining that the court may take "judicial notice of public documents, such as court records").

[3] *See* Press Release, Department of Justice, *Lev Parnas and Igor Fruman Charged with Conspiring to Violate Straw and Foreign Donor Bans* (Oct. 10, 2019), https://www.justice.gov/usao-sdny/pr/lev-parnas-and-igor-fruman-charged-conspiring-violate-straw-and-foreign-donor-bans.

[4] *See* Order at 2, *United States v. Parnas*, No. 19-cr-725 (S.D.N.Y. Jan. 3, 2020), ECF No. 60 ("Defendant Lev Parnas may produce the materials referenced herein to the United States House of Representatives Permanent Select Committee on Intelligence.").

3

Ms. Ward's work from D.C., where they are based. Ward Decl. ¶ 6.[5] None of the reporting for the article took place in Virginia—nor did the article mention Virginia. *See id.* ¶ 8; Ex. A.

Following publication of the online report, Ms. Ward appeared on CNN's evening television program *Cuomo Prime Time*, where she and anchor Chris Cuomo discussed the story. Compl. ¶ 32. That telecast took place in New York, where *Cuomo Prime Time* is produced. Ward Decl. ¶ 7. It, again, made no mention of Virginia. *See* Ex. B; Ex. C.

Rep. Nunes, represented by Steven S. Biss, filed his lawsuit against CNN in the Eastern District of Virginia on December 3, 2019. Calling CNN "the mother of fake news" and asking for more than $435 million in damages, the Complaint asserts claims for defamation and conspiracy. Compl. ¶¶ 36-47. Rep. Nunes alleges principally that CNN defamed him by reporting that Mr. Bondy said Mr. Parnas would testify that Rep. Nunes met with Mr. Shokin to dig up dirt on Joe Biden. Compl. ¶¶ 36-47. The Complaint does not allege that any relevant conduct took place in Virginia.

## ARGUMENT

The federal transfer statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Applying this statute, the "district court has discretion to decide motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Seaman*, 2019 WL 1474392, at *4 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

---

[5] Some of the CNN employees in the D.C. bureau, including a few who worked on the online article, live in Northern Virginia. That does not establish any substantial connection of the case to Virginia or materially change the balance of convenience.

4

"Courts must answer two questions to resolve motions under this provision: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Hengle v. Curry*, 2018 WL 3016289, at *5 (E.D. Va. June 15, 2018) (Payne, J.) (quotation marks omitted). The first prong is satisfied once the movant establishes that both venue and jurisdiction are proper in the transferee district. *Seaman*, 2019 WL 1474392, at *4. "The second part of the test requires the consideration of several factors, which are: '(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice.'" *Id.* at *3 (quoting *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)).

Both prongs of the test are easily satisfied in this case. Venue and jurisdiction are proper in the Southern District of New York, and the remaining factors strongly weigh in favor of transfer.

**I.     REP. NUNES COULD HAVE BROUGHT THIS ACTION IN THE SOUTHERN DISTRICT OF NEW YORK.**

Rep. Nunes could have brought his claims in the Southern District of New York because that Court has jurisdiction, and venue is proper there.

The Southern District of New York has subject matter jurisdiction over the case for the same reasons Rep. Nunes alleges here: the "parties are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and fees." Compl. ¶ 13 (citing 28 U.S.C. § 1332). And CNN is subject to personal jurisdiction in New York. *See, e.g.*, N.Y. C.P.L.R. 302(a)(1) ("a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state"); *Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 325 (E.D. Va. 2004) (citing this

5

provision and holding that company with significant office presence in New York is subject to long arm jurisdiction).

Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. First, venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in New York. 28 U.S.C. § 1391(b)(2). Second, venue is also proper because CNN is subject to personal jurisdiction in New York, and a corporate defendant "resides" in any judicial district for venue purposes where it is subject to personal jurisdiction. 28 U.S.C. § 1391(b)(3); *see Seaman*, 2019 WL 1474392, at *4 (finding venue proper for these same reasons).

In short, the case clearly could "have been brought in the transferee forum." *See Seaman*, 2019 WL 1474392, at *3 (quotation marks omitted). The first prong of the transfer test is met.

## II. THE 1404(A) FACTORS SUPPORT TRANSFER.

As in *Seaman*, the four factors in the second prong of the analysis "strongly support transfer to the SDNY." 2019 WL 1474392, at *4.

### A. Plaintiff's Choice of Forum.

The first factor is "the weight accorded to plaintiff's choice of venue." *Seaman*, 2019 WL 1474392, at *3. Ordinarily, plaintiff's choice of forum is afforded "substantial weight." *Id.* at *4 (quoting *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund*, 791 F.3d at 444). But "a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003) (emphasis added); *Seaman*, 2019 WL 1474392, at *4; *see also, e.g.*, *Falls v. Katmai Support Servs., LLC*, 2014 WL 6900916, at *2 (E.D. Va. Dec. 5, 2014) (transferring case filed by Nunes's counsel, explaining that "[w]hen the plaintiff's choice of forum is neither the nucleus of operative facts nor the plaintiff's home forum, the plaintiff's choice receives less weight"). That is the case here.

6

Virginia is obviously not the home forum of Rep. Nunes, a California Congressman. *See* Compl. ¶ 4 (alleging that he is a "citizen of California"). The reporting did not take place in Virginia. Ward Decl. ¶ 8. The allegedly defamatory publications at issue here were not published from Virginia. And the subject matter of the publications did not relate to Virginia at all.

The only connection that Rep. Nunes alleges to Virginia was the very same one rejected by this Court in *Seaman*. Without offering any factual detail, Rep. Nunes asserts that he was injured in Virginia because CNN published its statements "in Virginia and worldwide." Compl. ¶ 5; *see also id.* ¶¶ 14, 33. But "those tethers to Virginia are insufficient to warrant according [Nunes's] choice of forum any significant preference." *See Seaman*, 2019 WL 1474392, at *5. As this Court reasoned, "that notion would mean that, in similar cases involving online publications, a plaintiff's choice of forum would be given significant weight in virtually any judicial district because the Internet is everywhere." *Id.* (emphasis added).[6]

It is apparent that the real reason Rep. Nunes filed his lawsuit in the Eastern District of Virginia is simply that his attorney, Mr. Biss, has his offices in Charlottesville. But, as this Court warned him earlier last year, "convenience to counsel is not an appropriate consideration in resolving a motion to transfer venue." *Id.* at *5 n.7 (quoting *Koh*, 250 F. Supp. 2d at 635); *Acterna, LLC v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001).

---

[6] To the extent that Nunes' alleges once that Edward Brian MacMahon, Jr., another of Parnas's attorneys, is "from Middleburg," Compl. ¶ 9, that plainly is not a noteworthy connection. Mr. MacMahon is not mentioned in CNN's coverage. Rather, it is Mr. Parnas's other attorney, Mr. Bondy, who is quoted and cited repeatedly in the coverage. He is from New York.

7

B.  **Witness Convenience and Access.**

The second factor, "witness convenience and access," squarely supports transfer. The online article's author, the anchor of the evening telecast, and the primary source for CNN's reporting all live in New York.

In *Seaman*, the Court transferred the case to New York in part because the most important non-party witness, the author of the article at issue, lived in New York—"more than 100 miles from Virginia." 2019 WL 1474392, at *6 (citing Fed. R. Civ. P. 45(c)(1)). The Court held that it was "a fairly elementary proposition that the author of an allegedly defamatory article . . . is a key witness about the writing of the article, the research he did, and the claims he asserts in the article." *Id*.

So too here. Ms. Ward and Mr. Cuomo are both in New York. Mr. Bondy, the primary source for CNN's reporting—named more than twenty times in CNN's online report—is in New York. He too is a "key witness." *See id.*; Ward Decl. ¶ 5; Ex. A. His testimony will be critical to establishing the substantial truth of CNN's reporting, as well as its lack of fault in publishing what he told CNN his client would testify to under oath. It is also noteworthy that Mr. Parnas's criminal proceeding is ongoing in the Southern District of New York, which is supervising relevant discovery in that case. The court recently granted Mr. Bondy's request to share with House investigators certain discovery that Mr. Bondy said was responsive to the House subpoena and "essential to the Committee's ability to corroborate the strength of Mr. Parnas's potential testimony." *See, e.g.*, Order at 2, *United States v. Parnas*, No. 19-cr-725 (S.D.N.Y. Jan. 3, 2020), ECF No. 60.[7]

---

[7] Mr. Giuliani, another potential witness, additionally is from New York. Mr. Shokin, of course, is from Ukraine.

In contrast, there is no allegation in the Complaint suggesting that a witness of remotely comparable significance lives in this District.

### C.   Convenience of the Parties.

The third factor is convenience of the parties. For many of the same reasons, there can be no serious doubt that it would be more convenient for CNN to litigate in New York. Ms. Ward, the reporter of the article at issue, lives in New York and maintains her files there. Ward Decl. ¶ 4. Similarly, Mr. Cuomo's show is produced and telecast in New York. *Id.* ¶ 7. Indeed, CNN itself has a substantial presence in New York.

In contrast, Rep. Nunes's home and Congressional district is more than 2000 miles from Richmond. While his office in D.C. is slightly farther from New York than it is from Richmond, he has already chosen "'a forum away from home,'" and "will be inconvenienced" in any event. *Seaman*, 2019 WL 1474392, at *6-7 (quotation marks omitted) (transferring case to Southern District of New York when plaintiff was based in D.C.). If he is traveling from California, he will be flying to New York or Richmond, regardless. *See, e.g.*, *StrikeForce Techs., Inc. v. SecureAuth Corp.*, 2017 WL 8809781, at *2 (E.D. Va. June 9, 2017) ("Plaintiff will likely be flying to the forum regardless of whether that forum is the EDVA or California."). And if he is traveling from D.C., New York is not substantially less accessible than Richmond. *Seaman*, 2019 WL 1474392, at *6-7. Thus, while Rep. Nunes will be marginally inconvenienced, the Southern District of New York "will be significantly more convenient for the Defendants, their witnesses, and the production of evidence." *Id.* at *7 (citing *Bd. Tr. Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1259 (E.D. Va. 1988)).

### D.   Interests of Justice.

"[T]he interest of justice . . . encompasses public interest of factors aimed at 'systemic integrity and fairness.'" *Id.* (quoting *Stewart Org.*, 487 U.S. at 30). Courts may weigh a number

9

of variables as part of this assessment, including "[j]udicial economy," "the avoidance of inconsistent judgments," "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Id.* (quotation marks omitted).

In *Seaman*, this Court underscored that forum shopping gives rise to "significant concerns" with respect to the interests of justice. *Id.*; *see also Hengle*, 2018 WL 3016289, at *11 ("Systemic integrity must also take account of a party's attempt to game the federal courts through forum manipulation.") (quotation marks and ellipsis omitted). Those concerns should only be elevated here. This is now at least counsel's <u>fourth</u> recent attempt to file a case in this District that clearly should have been brought elsewhere. *Seaman*, 2019 WL 1474392, at *7-8 (transferring case and citing *Phillips v. Uber Techs., Inc.*, 2016 WL 165024 (E.D. Va. Jan. 13, 2016) (transfer to SDNY); *Falls*, 2014 WL 6900916 (transfer to District of Alaska)). Again, "'this Court cannot stand as a willing repository for cases which have no real nexus to this district.'" *Id.* at *7 (quoting *Phillips*, 2016 WL 165024, at *3).

Other considerations under this prong include "docket conditions between the [districts]," and "the court's familiarity with the applicable law." *Id.* For the reasons set forth in CNN's concurrent Motion to Dismiss, California law will apply to this action. Courts in the Southern District of New York have frequently applied California defamation law, including the California retraction statute at issue in CNN's Motion to Dismiss. *See, e.g.*, *Broadspring, Inc. v. Congoo, LLC*, 2014 WL 4100615, at *7 (S.D.N.Y. Aug. 20, 2014) (defamation); *Rohn Padmore, Inc. v. LC Play Inc.*, 679 F. Supp. 2d 454, 460 n.2 (S.D.N.Y. 2010) (defamation); *Condit v. Dunne*, 317 F. Supp. 2d 344, 354 (S.D.N.Y. 2004) (defamation); *King v. Am. Broad. Cos.*, 1998 WL 665141, at

10

*4 (S.D.N.Y. Sept. 28, 1998) (defamation and retraction statute).[8]  Further, "the differences in docket conditions between the SDNY and the EDVA" are insignificant enough that they are "minor considerations."  *Seaman*, 2019 WL 1474392, at *7 (brackets and quotation marks omitted).

It additionally bears emphasis that this case implicates the First Amendment rights of a media organization and its reporters to cover what is probably the most pressing story of the day: the impeachment of the President of the United States.  Courts have noted that "because the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech, federal courts have historically given close scrutiny to pleadings in libel actions."  *Arthur v. Offit*, 2010 WL 883745, at *3 (E.D. Va. Mar. 10, 2010).  The same must be true with respect to the threshold question of the location of litigation.  CNN and its journalists should not be made to litigate this matter in a forum that lacks any substantial connection to the case.

It is plainly "in the interest of justice to transfer this case."  *StrikeForce Techs.*, 2017 WL 8809781, at *2; *see Seaman*, 2019 WL 1474392, at *8.

## **CONCLUSION**

For the foregoing reasons, CNN respectfully requests that the case be transferred to the Southern District of New York.

---

[8] Even if New York law were to apply to the case, that would not change the outcome in the transfer analysis.  Of course, "[t]he SDNY has far more familiarity and experience in adjudicating matters of New York law, and this factor counsels in favor of transfer."  *Phillips*, 2016 WL 165024, at *3. And, even in the event that Virginia law somehow applied, this Court concluded in *Seaman* that "the substantive law of Virginia and New York are essentially the same" on the issue of defamation.  2019 WL 1474392, at *7.

11

Dated: January 17, 2020					Respectfully submitted,

                                                        WILLIAMS & CONNOLLY LLP

                                                       By:   /s/ *Dane H. Butswinkas*

Dane H. Butswinkas (VSB No. 30562)
Kevin T. Baine (*pro hac vice* application pending)
Stephen J. Fuzesi (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com

*Attorneys for Cable News Network, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January 2020, I caused a true and correct copy of the foregoing Memorandum of Law in Support of the Motion to Transfer of Defendant Cable News Network, Inc. to be served on counsel of record via the Court's CM/ECF system.

/s/ *Dane H. Butswinkas*

Dane H. Butswinkas