# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| **DEVIN G. NUNES,** | |
| Plaintiff, | |
| v. | Civil No.: 3:19-CV-00889 |
| **CABLE NEWS NETWORK, INC.,** | Jury Trial Demanded |
| Defendant. | |

## ANSWER

Defendant Cable News Network, Inc. ("CNN"), by and through its undersigned counsel, hereby submits this Answer to Plaintiff's First Amended Complaint, pursuant to the Court's Order of February 12, 2020. Any allegation of the First Amended Complaint not expressly admitted herein is hereby denied. CNN reserves all rights to amend its Answer and affirmative defenses, as necessary.

1. CNN denies the allegations in paragraph 1, except to admit that on November 22, 2019, CNN published an online article and television program that mentioned Plaintiff.

2. CNN denies the allegations in paragraph 2.

3. CNN denies the allegations in paragraph 3.

4. CNN denies the allegations in paragraph 4, except to admit that Matthew Miller mentioned Lev Parnas in a tweet, which speaks for itself; that Jake Tapper mentioned Lev Parnas on television, which video speaks for itself; and that Vadym Prystaiko mentioned Mr. Parnas in a television interview, which video speaks for itself.

5. CNN denies the allegations in paragraph 5, except to admit that Plaintiff is a United States Congressman and Ranking Member of the House Intelligence Committee.

6. CNN denies the allegations in paragraph 6.

7. CNN admits the allegations in the first sentence in paragraph 7. CNN admits that Plaintiff is a member of the United States House of Representatives, representing California's 22nd Congressional District. CNN lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis denies them.

8. CNN admits that it is a Delaware corporation, headquartered in Georgia. CNN further admits it is owned by Turner Broadcasting System, Inc., a subsidiary of Warner Media, LLC. Warner Media, LLC is a wholly-owned subsidiary of AT&T Inc. CNN admits the allegations in sentences three through eight in paragraph 8 appear to be drawn from AT&T's 2018 10-K, which speaks for itself. CNN admits the allegations in the ninth and tenth sentences of paragraph 8. CNN lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning its social media followers on November 22, 2019. The current number of followers for CNN's various social media accounts is publicly available. CNN admits that many of its reporters use social media such as Twitter to share articles.

9. CNN admits the allegations in the first sentence of paragraph 9, and that Ms. Ward uses Facebook, Twitter, and LinkedIn to share some of her articles. CNN admits that the allegations regarding the current number of followers for Ms. Ward's various social media accounts are generally accurate. CNN admits that Ms. Ward's Facebook profile is public, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and on that basis denies them.

10. CNN admits the allegations in the first sentence of paragraph 10, except to clarify that *Cuomo Prime Time* airs at 9:00 pm ET. CNN admits that @ChrisCuomo has over 1.4 million followers and @CuomoPrimeTime has over 105,000 followers. CNN admits that Adweek reported that *Cuomo Prime Time* was CNN's most-watched program among total viewers in the online article linked in paragraph 10, which article speaks for itself. CNN otherwise denies the allegations in paragraph 10.

11. CNN admits the allegations in the first sentence of paragraph 11. CNN otherwise denies the allegations in paragraph 11.

12. CNN admits the allegations in paragraph 12, except to deny that Mr. MacMahon currently represents Mr. Parnas, and to clarify that the indictment does not classify the crimes as felonies. The indictment is publicly available and speaks for itself.

13. CNN admits the allegations in paragraph 13.

14. CNN admits the allegations in the first sentence of paragraph 14. CNN admits that Vice President Biden visited Kiev in December 2015. CNN admits that during remarks at a 2018 Council on Foreign Relations event, Vice President Biden recalled his comments to Ukraine, which remarks speak for themselves. CNN also admits that Shokin was dismissed by the Ukrainian Parliament in March 2016. CNN otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies them.

15. CNN admits that Dmitry Firtash is a Ukrainian oligarch who reportedly lives in Vienna, Austria. CNN admits that Mr. Firtash was indicted; the indictment speaks for itself. CNN admits that Mr. Firtash was arrested in 2014, that the United States sought to extradite him, and that extradition proceedings followed and have continued for several years. CNN otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and on that basis denies them.

16. The allegations in paragraph 16 state legal conclusions to which no response is required, and they are denied on that basis.

17. The allegations in paragraph 17 state legal conclusions to which no response is required, and they are denied on that basis.

18. The allegations in paragraph 18 state legal conclusions to which no response is required, and they are denied on that basis.

19. CNN admits that a whistleblower complaint was filed with Michael Atkinson on August 12, 2019, which complaint speaks for itself. CNN otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and on that basis denies them.

20. CNN admits the allegations in paragraph 20.

21. CNN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies them, except to admit that on October 31, 2019, the House of Representatives voted to formalize impeachment inquiry procedures.

22. CNN admits that on October 10, 2019, Mr. Parnas was arrested at Dulles International Airport on charges that included allegedly scheming to funnel foreign money into U.S. elections, and that he reportedly had a one-way ticket at the time of his arrest. CNN denies the allegations in the third sentence of paragraph 22.

23. CNN admits the allegations in the first and second sentences in paragraph 23. CNN denies the allegations in the third sentence of paragraph 23, other than to admit that the bail disposition was a matter of public record.

24. CNN denies the allegations of paragraph 24.

25. CNN denies the allegations in paragraph 25, except to admit that the allegations in the second and third sentences in paragraph 25 appear to describe reporting in a *New York Times* article linked in paragraph 26, which speaks for itself.

26. CNN denies the allegations of paragraph 26, except to admit that the *New York Times* published the linked article on November 10, 2019, which speaks for itself.

27. CNN admits that some of its journalists were aware of the *New York Times* report cited in paragraph 26, and otherwise denies the allegations in paragraph 27.

28. CNN denies the allegations of paragraph 28, except to admit the allegations in the third sentence and to admit that Mr. Giuliani was quoted in a *Washington Times* article, which article speaks for itself.

29. CNN denies the allegations in paragraph 29, except to admit that some CNN journalists were aware that the United States District Court for the Eastern District of New York had entered a judgment against Mr. Parnas in 2016, and that a judgment creditor had commenced proceedings against him in 2019.

30. CNN denies the allegations in paragraph 30, except to admit that it published the linked article on October 23, 2019, which speaks for itself.

31. CNN denies the allegations in paragraph 31.

32. CNN denies the allegations in paragraph 32, except to admit that certain allegations by Mr. Parnas were reported in a Daily Beast article published on November 20, 2019, which article speaks for itself.

33. CNN denies the factual allegations in paragraph 33. No response is required to the allegations that constitute legal conclusions.

34. CNN admits that it published the CNN Article on November 22, 2019, and otherwise denies the allegations in paragraph 34.

35. CNN denies the allegations in paragraph 35.

36. CNN denies the allegations in paragraph 36.

37. CNN denies the allegations in paragraph 37, except to admit that Vicky Ward and Rep. Katie Hill were both interviewed on the November 22, 2019 *Cuomo Prime Time* program, which speaks for itself, and that Rep. Hill resigned from Congress in 2019.

38. CNN denies the allegations in paragraph 38, except to admit that CNN and some of its journalists shared the CNN Article via social media, which social media posts speak for themselves.

39. CNN denies the allegations in paragraph 39, except to admit that Ms. Ward tweeted on November 23, 2019, which tweets speak for themselves.

40. CNN denies the allegations in paragraph 40, except to admit that certain third parties linked to the CNN Article.

41. CNN admits that Marshall Cohen commented on allegations concerning Plaintiff on television on November 23, which comments speak for themselves; that Brian Stelter made statements concerning Plaintiff's several defamation lawsuits during the program *Reliable Sources* on December 8, 2019, which statements speak for themselves; that Mr. Stelter tweeted a link to a portion of the video from that program; and that Mr. Stelter has approximately 680,000 Twitter followers. CNN otherwise denies the allegations in paragraph 41.

42. CNN admits that OANN published an article entitled "Viktor Shokin: Parnas lied about Nunes' trip, might sue CNN," which article speaks for itself. CNN lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42.

43. CNN denies the allegations in paragraph 43.

44. CNN admits that certain Twitter users tweeted about the CNN Article and *Cuomo Prime Time* program, which tweets speak for themselves. CNN otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies them.

45. CNN denies the allegations in paragraph 45, except to admit that it has not retracted the CNN Article or *Cuomo Prime Time* program or apologized. Plaintiff never made a retraction demand in compliance with the California retraction statute.

46. CNN repeats and incorporates by reference its responses to paragraphs 1 through 45 above.

47. CNN denies the allegations in paragraph 47.

48. CNN denies the allegations in paragraph 48.

49. CNN denies the allegations in paragraph 49.

50. CNN denies the allegations in paragraph 50.

51. CNN denies the allegations in paragraph 51.

52. CNN denies the allegations in paragraph 52.

53. CNN repeats and incorporates by reference its responses to paragraphs 1 through 52 above.

54. CNN denies the allegations in paragraph 54.

55. CNN denies the allegations in paragraph 55.

56. CNN denies the allegations in paragraph 56.

57. CNN denies the allegations in paragraph 57.

CNN denies each and every allegation of the paragraphs following the title "Conclusion and Request for Relief," that is, subparagraphs (A)-(E), and denies that Plaintiff is entitled to any relief whatsoever.

## **DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, CNN asserts the following defenses, all of which are pleaded in the alternative:

1. The First Amended Complaint fails to state a claim on which relief can be granted.

2. The challenged statements and any challenged implications are not defamatory or defamatory *per se*. The challenged statements are not reasonably capable of bearing the meanings alleged.

3. CNN did not intend to convey the implications alleged.

4. The challenged statements and any challenged implications are not "of and concerning" the Plaintiff.

5. The challenged statements and any challenged implications are substantially true.

6. The challenged statements and any challenged implications are matters of opinion that are not capable of being proven true or false.

7. Plaintiff is a public figure, and CNN did not publish with actual malice—that is, with knowledge of falsity or reckless disregard for the truth.

8. The challenged publications are protected by and privileged under the doctrine of neutral reportage.

9. The challenged publications are protected by and privileged by the fair report privilege.

10. The challenged publications are protected by and privileged under the First Amendment to the Constitution of the United States.

11. The challenged publications are protected by and privileged under the California Constitution, the New York Constitution, and/or any other applicable state constitutions.

12. Plaintiff did not request a retraction in compliance with the California retraction statute, Cal. Civ. Code § 48a, so Plaintiff's recovery is limited to special damages.

13. Plaintiff did not suffer special damages as a result of the publications of which he complains, so his claims are barred.

14. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

15. Plaintiff did not suffer damages as a result of the publications of which he complains.

16. To the extent Plaintiff has been harmed, that harm was caused by individuals or entities other than CNN or an individual or entity within CNN's control.

17. To the extent Plaintiff has been harmed, his claim for damages is barred by the doctrine of assumption of risk.

18. To the extent Plaintiff has been harmed, he has failed to mitigate his damages.

19. To the extent Plaintiff has been harmed, any damages Plaintiff suffered were the result of an intervening or superseding cause.

20. Plaintiff cannot prove facts sufficient to warrant an award of punitive damages.

21. Plaintiff's claim for punitive damages is barred by the First Amendment to the Constitution of the United States.

22. CNN presently has insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses available to it, and therefore

expressly: (a) reserves the right to amend or supplement its Answer, defenses, and all other pleadings; and (b) reserves the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate.

| | |
|---|---|
| Dated: February 21, 2020 | Respectfully submitted, |
| | WILLIAMS & CONNOLLY LLP |
| | By:   /s/ *Dane H. Butswinkas* |
| | Dane H. Butswinkas (VSB No. 30562)<br>Kevin T. Baine (*pro hac vice*)<br>Stephen J. Fuzesi (*pro hac vice*) |
| | 725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br>kbaine@wc.com |
| | *Attorneys for Cable News Network, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February 2020, I caused a true and correct copy of the foregoing Answer of Defendant Cable News Network, Inc. to be served on counsel of record via the Court's CM/ECF system.

/s/ *Dane H. Butswinkas*

Dane H. Butswinkas