**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

---

**DEVIN G. NUNES,**

               **Plaintiff,**

    **v.**

**CABLE NEWS NETWORK, INC.,**

               **Defendant.**

**Civil No.:  3:19-CV-00889**

---

**REPLY MEMORANDUM OF LAW
<u>IN SUPPORT OF MOTION TO TRANSFER</u>**

WILLIAMS & CONNOLLY LLP

Dane H. Butswinkas (VSB No. 30562)
Kevin T. Baine (*pro hac vice*)
Stephen J. Fuzesi (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com

*Attorneys for Cable News Network, Inc.*

# TABLE OF CONTENTS

I.     REP. NUNES CONCEDES THAT HE COULD HAVE BROUGHT THIS
ACTION IN THE SOUTHERN DISTRICT OF NEW YORK..........................................1

II.    THE 1404(A) FACTORS SUPPORT TRANSFER ...........................................................2

     A.     Plaintiff's Choice of Forum ....................................................................................2

     B.     Witness Convenience and Access............................................................................3

     C.     Convenience of the Parties......................................................................................7

     D.     Interests of Justice...................................................................................................7

CONCLUSION..................................................................................................................................9

## TABLE OF AUTHORITIES

### CASES

*Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310 (E.D. Va. 2013) ..................6

*Clayton v. Warlick*, 232 F.2d 699 (4th Cir. 1956) ...........................................................9

*Falls v. Katmai Support Servs., LLC*, 2014 WL 6900916 (E.D. Va. Dec. 5, 2014) .......................2

*Fitzgibbon v. Radack*, 597 B.R. 836, 842 (E.D. Va. 2019) .............................................3

*Hengle v. Curry*, 2018 WL 3016289 (E.D. Va. June 15, 2018) ..................................1, 8

*King v. Am. Broad. Cos.*, 1998 WL 665141 (S.D.N.Y. Sept. 28, 1998) ........................................8

*Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627 (E.D. Va. 2003)....................................6

*Macronix Int'l Co. v. Spansion Inc.*, 2014 WL 934521 (E.D. Va. Mar. 10, 2014) .......................6

*Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024 (E.D. Va. Apr. 28, 2006) ...............................................................................................................................6

*Nelson v. Tidal Basin Holding, Inc.*, 2019 WL 6107862, at *4 (W.D. Va. 2019)..........................6

*Pragmatus Av, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991 (E.D. Va. 2011) ...............................9

*Seaman v. IAC/InteractiveCorp., Inc.*, 2019 WL 1474392 (E.D. Va. Apr. 3, 2019)............. *passim*

*VS Techs., LLC v. Twitter, Inc.*, 2011 WL 11074291 (E.D. Va. June 28, 2011) ............................7

### STATUTES

28 U.S.C. § 1404(a) ...................................................................................................................1

Rep. Nunes's opposition does not identify any meaningful connection between this lawsuit and the Eastern District of Virginia—because there is none.  This case centers on reporting by a CNN journalist in New York, involving what a New York lawyer stated his client—who is under indictment in the Southern District of New York—would testify about a California Congressman. The case further involves an interview with the same New York journalist on a news program that is produced and telecast in New York.  Nothing in Rep. Nunes's brief changes the fact that no reporting took place in Virginia and that neither the article nor the telecast mention Virginia at all.

Strikingly, nowhere in Rep. Nunes's opposition does he even address this Court's decision in *Seaman v. IAC/InteractiveCorp., Inc.*, 2019 WL 1474392 (E.D. Va. Apr. 3, 2019) (Payne, J.)—one of the cases principally relied upon by CNN—in which the Court transferred a case to the Southern District of New York on very similar facts, also involving a defamation claim stemming from an online article written in New York.  Nonetheless, Rep. Nunes's counsel persists in making essentially the same arguments that were rejected by this Court in that case, and portions of Rep. Nunes's opposition even appear to be identical to the brief filed by his counsel in *Seaman*.[1]

Just as in *Seaman*, transfer to the Southern District of New York is clearly warranted here. The relevant factors under 28 U.S.C. § 1404(a) weigh strongly in favor of transfer.

## I.      REP. NUNES CONCEDES THAT HE COULD HAVE BROUGHT THIS ACTION IN THE SOUTHERN DISTRICT OF NEW YORK.

The first question under § 1404(a) is "whether the claims might have been brought in the transferee forum."  *Hengle v. Curry*, 2018 WL 3016289, at *5 (E.D. Va. June 15, 2018) (Payne, J.).  In his opposition, Rep. Nunes expressly "concedes that this action might have been brought

---

[1]  *See* Plaintiff's Memorandum in Opposition to Motion to Transfer Venue, *Seaman v. IAC/InteractiveCorp., Inc.*, No. 18-cv-00401 (E.D. Va. Jan. 21, 2019), ECF No. 23.

in the United States District Court for the Southern District of New York."   Opp. 2 n.2.

Accordingly, this threshold finding is undisputed.

## II.     THE 1404(A) FACTORS SUPPORT TRANSFER.

Rep. Nunes does not articulate any significant connection between this case and the Eastern

District of Virginia.  Since there is "no real nexus to this district," *Seaman*, 2019 WL 1474392, at

*7 (internal quotation marks omitted), the relevant factors plainly support transfer.

### A.     Plaintiff's Choice of Forum.

The law is clear that "[w]hen the plaintiff's choice of forum is neither the nucleus of

operative facts nor the plaintiff's home forum, the plaintiff's choice receives less weight."

*Seaman*, 2019 WL 1474392, at *5.[2]  Here, Rep. Nunes does not argue that Virginia is the "nucleus

of operative facts."  He does not dispute that none of the reporting took place in Virginia; that the

coverage was not published from Virginia; and that the subject matter of the coverage did not

relate to Virginia.  *See* CNN Mem. 6-7; *compare Seaman*, 2019 WL 1474392, at *5 ("The article

at issue was researched, written, and published in New York. Its subject matter has nothing to do

with Virginia.").   Further, Rep. Nunes expressly acknowledges that Virginia is not his "home

forum."  *See Seaman*, 2019 WL 1474392, at *5.  Rather, he "is a citizen of California."  Opp. 7.

Rep. Nunes is left to argue that the coverage at issue was allegedly <u>consumed</u> by some

viewers and readers in Virginia, Opp. 7-8, just as it was in 49 other states.  As CNN explained in

its Motion, however, this Court rejected that very position in *Seaman*.  If Rep. Nunes's argument

were given credence, "a plaintiff's choice of forum would be given significant weight in virtually

any judicial district because the Internet is everywhere."  *Seaman*, 2019 WL 1474392, at *5.  Thus,

---

[2] Rep. Nunes ignores the multiple cases CNN cited in support of this proposition, including two
involving his counsel.  *See* CNN Mem. 6 (citing cases including *Seaman*, 2019 WL 1474392, at
*5; *Falls v. Katmai Support Servs., LLC*, 2014 WL 6900916, at *2 (E.D. Va. Dec. 5, 2014)).

"those tethers to Virginia are insufficient to warrant according [Nunes's] choice of forum any significant preference." *Id.* at *5; *see* CNN Mem. 7.[3]

The only other argument Rep. Nunes makes is that he is the Ranking Member of the House Intelligence Committee and "works at the Capitol within a few minutes' drive of Virginia." Opp. 7. But his proximity to Virginia is no different than that of the plaintiff in *Seaman*, who lived in Washington, D.C. *See* 2019 WL 1474392, at *5. And while Rep. Nunes's committee may exercise some oversight over "the intelligence community, most of which is located in Virginia," Opp. 7, that does not establish any "logical connection between the events in this case and this district." *Seaman*, 2019 WL 1474392, at *5 (emphasis added). Indeed, Rep. Nunes does not identify any meaningful relationship between this case and members of the intelligence community in Virginia. Opp. 7. His choice of forum is entitled to no more than "slight deference." *Seaman*, 2019 WL 1474392, at *5.[4]

### B.  Witness Convenience and Access.

Rep. Nunes does not dispute that the central witnesses identified in this matter are all in New York: the author of the reporting at issue (Vicky Ward), the primary source identified in that reporting (Joseph Bondy, Mr. Parnas's lawyer), and the anchor of the telecast at issue (Chris

---

[3] Rep. Nunes cites *Fitzgibbon v. Radack* for the proposition that "the effects of the allegedly defamatory remarks were felt in this forum," Opp. 8, but that case is wholly inapposite. The plaintiff there "resided in Richmond, Virginia during the relevant events and most of his witnesses live[d] in and around the Richmond." 597 B.R. 836, 842 (E.D. Va. 2019). Moreover, the case did not involve alleged national multistate defamation of the kind at issue here and in *Seaman*. Instead, it involved an allegedly false accusation of sexual assault by one private individual against another. *See id.* at 839.

[4] Rep. Nunes asserts that CNN "concedes that 'a substantial part of the events or omissions giving rise to the claim occurred in this District,'" Opp. 7, but this is a gross mischaracterization. CNN's opening brief argued at length that the claims have no substantial connection to this District.

Cuomo).  And, of course, Mr. Parnas's criminal proceeding is ongoing in the Southern District of New York.  Just as in *Seaman*, witness convenience clearly supports transfer.

Rep. Nunes recognizes that this factor is of "considerable importance" to the analysis, especially with regard to "non-party witnesses."  Opp. 10.  But Rep. Nunes then entirely ignores a central non-party witness:  Mr. Bondy, the New York lawyer cited more than twenty times in CNN's online report.  CNN's opening brief clearly explained why his testimony will be crucial to the case, supported by reporter Vicky Ward's uncontested declaration describing Mr. Bondy as "[t]he primary source identified in the article."  Ward Decl. ¶ 5; *see also, e.g.*, CNN Mem. 8 ("Mr. Bondy, the primary source for CNN's reporting—named more than twenty times in CNN's online report—is in New York. . . . His testimony will be critical to establishing the substantial truth of CNN's reporting, as well as its lack of fault in publishing what he told CNN his client would testify to under oath.").  It is indisputable that Mr. Bondy must be considered a "key witness."  *See* CNN Mem. 8; *Seaman*, 2019 WL 1474392, at *6 (resolving this factor in favor of the movant where the non-party author was based in New York).

Rep. Nunes offers no serious rebuttal to CNN's arguments as to other important witnesses, either.  He does not contest that Mr. Parnas is under indictment in the Southern District of New York, or that the Southern District is already supervising the disclosure of substantial discovery that will be relevant to this case.  *See* CNN Mem. 8-9.  Nor does he dispute that Mr. Giuliani, another potential witness, is also from New York. *See* CNN Mem. 8 n.7.  Finally, he does not contest that Ms. Ward and Mr. Cuomo—CNN party witnesses—are both in New York, as well. *See* CNN Mem. 8; Am. Compl. ¶ 10; Ward Decl. ¶¶ 5, 7.[5]

---

[5] Indeed, he does not contest any of the details from Ms. Ward's declaration, including that Mr. Bondy was the primary source in her Article, that he is from New York, that their interactions

In comparison, Rep. Nunes musters no plausible argument that there is a witness of remotely comparable significance in this District. He identifies only a single person in this District: "Parnas' attorney [Edward Brian] MacMahon." Opp. 11. But Rep. Nunes does not explain why Mr. MacMahon will have a significant role in this case, and Mr. MacMahon is not mentioned in CNN's coverage. *See* CNN Mem. 7 n.2. In fact, he is not even currently Mr. Parnas's attorney, having withdrawn in December. *See* Mot. to Withdraw, *United States v. Parnas*, No. 19-cr-725 (S.D.N.Y. Dec. 24, 2019), ECF No. 57.

Rep. Nunes resorts to pointing to witnesses in <u>other</u> districts, suggesting that they are closer to Virginia than New York. Opp. 11. His argument is unavailing. The only third-party witnesses he identifies are Mr. Parnas and Igor Fruman. While it is true that they live in Florida, the Eastern District of Virginia and the Southern District of New York are both a flight away from Florida— and, if anything, flights are more accessible from Florida to New York than to Richmond. *Seaman*, 2019 WL 1474392, at *6 (holding that the travel difference between Richmond and New York is not significant for a witness in Washington, D.C.). Moreover, both men are under indictment in the Southern District of New York—which as noted previously, already is controlling discovery that will be relevant here, especially in the case of Mr. Parnas. *See* CNN Mem. 3 & n.3.[6]

To the extent that Rep. Nunes argues that CNN must establish that witnesses "cannot travel to Virginia" in order to prevail, Opp. 11, he is wrong. This is the same argument that his counsel made in *Seaman*. Rather, the test is self-evidently one of "convenience." Thus, even where

occurred in New York, that she appeared on *Cuomo Prime Time* in New York, and that the files from her reporting are in New York. *See* Ward Decl. ¶¶ 4-5, 7.

[6] Rep. Nunes also cites CNN journalist Jake Tapper. Opp. 11. But he is not alleged to have had <u>any</u> involvement in the publications at issue. And Rep. Nunes concedes that Mr. Tapper "lives and works" outside this District. Opp. 4 n.4.

witness availability is guaranteed, "[m]aking attendance more convenient or affordable for a willing witness still weighs in favor of transfer, just not as heavily." *Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 317 (E.D. Va. 2013) (granting motion to transfer); *Macronix Int'l Co. v. Spansion Inc.*, 2014 WL 934521, at *5 (E.D. Va. Mar. 10, 2014) (same).[7]

Rep. Nunes also argues that CNN has failed to establish that the many third party witnesses cannot participate via videotaped depositions. Opp. 11-12. Again, this Court rejected this same argument in *Seaman*. 2019 WL 1474392, at *6. Rep. Nunes quotes *Mullins v. Equifax Information Services, LLC*, for example, for the proposition that "[s]omewhat less weight is given to witness inconvenience when a party is unable to demonstrate with any particularity that videotaped deposition testimony will be inadequate, and that live testimony is critical." 2006 WL 1214024, at *9 (E.D. Va. Apr. 28, 2006). But he ignores that *Mullins* emphasizes in the very next sentence that this proposition is most applicable "<u>when the witness is not central to the case</u>." *Id.* (emphasis added); *see also Macronix Int'l*, 2014 WL 934521, at *3 ("[T]here is a substantial preference for in person testimony, particularly when testimony is central to a claim and [ ] credibility is also likely to be an important issue.").[8]

---

[7] Courts may make reasonable inferences about the significance of non-party witnesses, *see, e.g.*, *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636-37 (E.D. Va. 2003) (citing cases), as well as the accessibility of the potential fora, *see, e.g.*, *Macronix*, 2014 WL 934521, at *5 ("The Court may presume that a trial in the Northern District of California would be more convenient for many likely witnesses, even if they are willing to travel to the Eastern District of Virginia.").

[8] Elsewhere in his brief, Plaintiff cites *Nelson v. Tidal Basin Holding, Inc.*, Opp. 14-15, but that case involved a "nationwide collective action" in which "the subject matter of the case relate[d] to forums all over the country," as opposed to this case which is anchored to New York. 2019 WL 6107862, at *4 (W.D. Va. 2019). The court in *Nelson* also found that "[d]ocuments in the control of defendants that may be offered into evidence" were in Virginia, and that transfer to another forum would "impose significant inconvenience to defendants and witnesses." *Id.* Here, in contrast, there is no suggestion that there is <u>any</u> documentary evidence in Virginia whatsoever.

Ultimately, Rep. Nunes has "provided no evidence" of significant witnesses in this District, and does not dispute that there are significant "non-party witnesses . . . in the SDNY." *Seaman*, 2019 WL 1474392, at *6. This factor supports transfer.

### C.    Convenience of the Parties.

As for the convenience of the parties, Rep. Nunes simply reasserts the same argument that this Court already addressed in *Seaman*—that transfer would "shift[] the balance of inconvenience" to him. Opp. 9. Indeed, his argument is copied almost verbatim from his counsel's brief in that case. It should be rejected for the same three reasons discussed in *Seaman*:

First, regardless of "whether the case is in this Court or the SDNY, [Plaintiff] will be inconvenienced because he does not live in Richmond (or anywhere in Virginia). It is true that the distance between the District of Columbia and New York is greater than the distance from the District of Columbia to Richmond.  But, [Plaintiff] has not identified any reason why he would not or could not travel to New York." *Seaman*, 2019 WL 1474392, at *6.

Second, the case that Plaintiff cites in support of his argument, *VS Techs., LLC v. Twitter, Inc.*, 2011 WL 11074291, at *7 (E.D. Va. June 28, 2011), "does not support him on the facts in this case." *Seaman*, 2019 WL 1474392, at *6. In *VS Techs.*, a key agent of the plaintiff was located in the Eastern District of Virginia. *Id.* But there is no such allegation here, where there are no witnesses of any comparable significance in the District, and the case is therefore inapposite.

Third, Rep. Nunes does not dispute, because he cannot, that New York will be "significantly more convenient for the Defendants, their witnesses, and the production of evidence." *Seaman*, 2019 WL 1474392, at *7.

### D.    Interests of Justice.

Finally, Rep. Nunes's contentions as to the "interests of justice" once again mirror the arguments this Court rejected in *Seaman*.

Rep. Nunes argues that this Court could apply the "substantive law of New York."  Opp. 12-13.  But even if New York law were to apply, "familiarity with the substantive law [would have] little relevance in assessing the interest of justice factor in this case."  *Seaman*, 2019 WL 1474392, at \*7.  In addition, Rep. Nunes all but ignores that California law should apply here. Opp. 12 n.8.  For the reasons articulated in CNN's Motion to Dismiss, it does.  *See* Mem. in Supp. of Mot. to Dismiss 7-13, ECF No. 22.[9]  Rep. Nunes does not consider whether California law is different than Virginia law.  It is, and New York courts have experience applying California law, including specifically the California retraction statute at issue here.  *See, e.g.*, *King v. Am. Broad. Cos.*, 1998 WL 665141, at \*2 (S.D.N.Y. Sept. 28, 1998).

Plaintiff's counsel also repeats his argument from *Seaman* that dockets in this District move more quickly than those in the Southern District of New York.  Opp. 14.  But he ignores that this Court rejected that argument, holding that "the docket conditions here and in the SDNY are not drastically different."  *Seaman*, 2019 WL 1474392, at \*7; *see* CNN Mem. 11.  As in *Seaman*, docket conditions should be nothing more than a "minor consideration[]."  *Id.*

Rep. Nunes additionally ignores that the lack of any serious connection to Virginia should give rise to "significant concerns about forum shopping" that further tip the scales on this factor in favor of transfer.  CNN Mem. 10 (quoting *Seaman*, 2019 WL 1474392, at \*7); *see also Seaman*, 2019 WL 1474392, at \*7 ("As noted by the EDVA many times over, [t]his Court cannot stand as a willing repository for cases which have no real nexus to this district.") (quotation marks omitted); *Hengle v. Curry*, 2018 WL 3016289, at \*11 (E.D. Va. June 15, 2018) ("Systemic integrity must also take account of a party's attempt to game the federal courts through forum manipulation.");

---

[9] Likewise, CNN does not "concede[] that Plaintiff has stated a claim for defamation."  Opp. 3 n.3. It has filed a motion to dismiss under Rule 12(b)(6).

*Pragmatus Av, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011) ("When a plaintiff with no significant ties to the Eastern District of Virginia chooses to litigate in the district primarily because it is known as the 'rocket docket,' the interest of justice 'is not served.'"); *see also, e.g.*, *Clayton v. Warlick*, 232 F.2d 699, 706 (4th Cir. 1956) ("We have no sympathy with shopping around for forums.").

Here, after all, this case involves not only a matter with no meaningful connection to this District, but a counsel who has repeatedly brought "similar cases in this District that were subsequently transferred to different venues because the events at issue had few, if any, ties to Virginia." *Seaman*, 2019 WL 1474392, at *7-8; CNN Mem. 10. These tactics should not be rewarded. The "interests of justice" favor transfer to the District that has the most significant connections to the case—the Southern District of New York. *Id.*

## CONCLUSION

For these reasons and those explained in CNN's opening brief, this case should be transferred to the Southern District of New York.

Dated: February 28, 2020      Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ *Dane H. Butswinkas*

Dane H. Butswinkas (VSB No. 30562)
Kevin T. Baine (*pro hac vice*)
Stephen J. Fuzesi (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com

*Attorneys for Cable News Network, Inc.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February 2020, I caused a true and correct copy of the foregoing Reply in Support of the Motion to Transfer of Defendant Cable News Network, Inc. to be served on counsel of record via the Court's CM/ECF system.


/s/ *Dane H. Butswinkas*

Dane H. Butswinkas