IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEVIN G. NUNES )
)
    Plaintiff, )
)
v. ) Case No. 3:19-cv-889-REP
)
)
CABLE NEWS NETWORK, INC. )
)
    Defendant. )
)

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, respectfully submits the following Memorandum in Opposition to the motion to dismiss [*ECF No. 21*] filed by defendant, Cable News Network, Inc. ("CNN"):

## I. INTRODUCTION

CNN acknowledges – as it must – that Plaintiff has stated a claim of defamation upon which relief may be granted. Instead of addressing the elements of defamation, CNN urges the Court to apply a California procedural law in this diversity action, and to dismiss the case because Plaintiff "failed to seek an unequivocal demand for correction or retraction" of the defamatory report as required by the California procedural law.[1]

---

[1] Throughout its memorandum in support of motion [*ECF No. 22*], CNN interjects irrelevant and impertinent commentary, such as that Plaintiff was in a "rush to sue"; that "Rep. Nunes is a frequent defamation litigant"; that "He and his counsel brought at least four different defamation cases in Virginia courts in the last year alone." These matters have nothing to do with the choice of law issues before the Court. Plaintiff brought this action because he was egregiously harmed – plain and simple.

1

The matter is before the Court on CNN's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, CNN's motion should be denied.

## II. BACKGROUND

On November 22, 2019, CNN published and broadcast to millions of online and television subscribers, followers and viewers in Virginia a demonstrably false hit piece about Plaintiff. The sole source of CNN's statements is a known "fraudster", "hustler", a man indicted by the United States Government, charged with multiple Federal crimes, who faces years in a Federal penitentiary – Lev Parnas ("Parnas"). CNN's Chief Washington Correspondent Jake Tapper ("Tapper") admitted on national television that **"We can't ignore – Parnas has a serious credibility problem. He's under indictment for campaign finance charges. The foreign minister of Ukraine told CNN's Christine Amanpour that he doesn't trust a word Parnas is saying**." [https://www.cnn.com/videos/politics/2020/01/16/jake-tapper-lev-parnas-credibility-roosevelt-vpx.cnn]. Plaintiff contends that the scheme to defame him involved multiple parties in Virginia, Florida and New York, and was part of a concerted plan to promote a fabricated story that would aid House Democrats in their efforts to impeach President Trump. [*ECF No. 18 ("Amended Complaint")*, ¶¶ *1, 2, 3, 4, 12, 22, 23, 24, 25, 33, 34, 35, 44*].

Publication and republication of CNN's defamatory statements occurred in Virginia and New York.

Injury occurred in Virginia and elsewhere.

Plaintiff is a United States Congressman. He serves as Ranking Member of the House Permanent Select Committee on Intelligence (the "House Intelligence Committee"), located in Washington, D.C. As a member of the House Intelligence Committee, he participates in oversight of the U.S. national security apparatus, including the intelligence-related activities of seventeen agencies, departments, and other elements of the United States Government, most of which are located in Virginia. [*Amended Complaint, ¶ 7*]. Plaintiff alleges that he suffered substantial harm to his reputation in Virginia, where CNN's false statements were read and republished to advertisers, subscribers and followers of CNN and its many agents. [*See, e.g., Amended Complaint, ¶ 33 ("CNN ignored known 'red flags' and proceeded to publish and broadcast the fake news sponsored by a 'radioactive' wolf in sheep's clothing to millions of advertisers, subscribers, followers, and viewers in Virginia and elsewhere"); ¶ 36 (the CNN Article was republished by Ryan Lizza, a reporter with Politico in Virginia); ¶ 37 (During the Cuomo Prime Time broadcast, which reached millions of households in Virginia, Cuomo and Ward vouched for the story as if it were fact, doubled-down, and published further defamatory statements about Plaintiff); ¶ 38 ("CNN published the CNN Article to multiple new target audiences, including CNN's 32,000,000+ Facebook followers and CNN's 56,000,000+ Twitter followers in Virginia and around the World")*].[2]

CNN is a Delaware corporation, headquartered in Georgia. CNN is a division of WarnerMedia. WarnerMedia is an operating segment of AT&T, Inc. (NYSE:T), which is

---

[2] The CNN Article was republished by a whole host of CNN agents, political operatives and others who live and work in Virginia and/or Washington, D.C., including, without limitation, Marshall Cohen, Michael Carpenter, Alexandra Chalupa, Cole Leiter, Andrew Prokop, Mike Warren, Shanlon Wu, and Geoff Bennett. [*See Amended Complaint, ¶¶ 41, 44*].

headquartered in Dallas, Texas. CNN's digital platforms deliver news 24 hours a day, seven days a week, from almost 4,000 journalists in every corner of the globe. In addition to its massive television and digital footprint, CNN employs multiple social media accounts as a means to publish its statements in Virginia and worldwide. As of November 22, 2019, **@CNN** had over 43,500,000 followers on Twitter; **@CNNPolitics** had over 2,900,000 followers; **@cnni** had over 9,200,000 followers; **@CNNPhillipines** had over 530,000 followers; and **@cnnbrk** had over 56,000,000 followers. In addition to CNN's corporate and institutional use of Twitter, most of CNN's reporters and anchors use Twitter to spread stories to readers, viewers and voters in Virginia and elsewhere. On November 22, 2019, CNN and its agents, Vicky Ward and Chris Cuomo, published additional false statements about Plaintiff during *Cuomo Prime Time*, which was broadcast to and published in households across Virginia. [*Amended Complaint,* ¶¶ *8, 9 10, 37, 38*].³

### III. STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F,2d 8943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and*

---

³ In its memorandum in support of motion, CNN repeatedly refers to matters outside the four corners of Plaintiff's amended complaint. For instance, in footnote 12, CNN represents that "Rep. Nunes does not dispute that he and his staffer, Derek Harvey, have been in contact with Mr. Parnas by phone". [*ECF No. 22, p. 6*]. Statements like these are half-truths. They are disputed. CNN actually reported that Plaintiff and Parnas "began communicating [in December 2018] around the time of the Vienna trip". CNN's statements are categorically false. The Court should reject CNN's efforts to avoid the facts or convert its motion to a motion for summary judgment, and deny the motion.

*procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

## IV. DISCUSSION

It is well-established that Federal courts sitting in diversity apply the forum state's choice of law rules. *See, e.g. Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496-497 (1941). Under Virginia law, procedural matters are governed by the law of the forum state and substantive issues are governed by the law of the place of the wrong. *See, e.g., Jones v. R.S. Jones and Associates, Inc.*, 246 Va. 3, 431 S.E.2d 33 (1993) ("According to the settled rule, 'the *lex loci* will govern as to all matters going to the basis of the right of action itself, while the *lex fori* controls all that is connected merely with the remedy.'") (quotation omitted); *Hooper v. Mussolino*, 234 Va. 558, 566, 364 S.E.2d 207 (1988) ("Under settled choice-of-law principles, however, we will apply our own law in matters that relate to procedure") (citations omitted); *see id. Keeton v. Hustler Magazine, Inc,*, 465 U.S. 770, 778 fn. 10 (1984) ("Under traditional choice of law principles, the law of the forum State governs on matters of procedure").

In its motion to dismiss, CNN argues that a California law – California Civil Code § 48a – applies in this action.

It does not. CNN's motion to dismiss should be denied.

A.  *The California Law Does Not Apply On Its Face*

California Civil Code § 48a(a) provides that in an action for damages for the publication of a libel "in a daily or weekly news publication, or of a slander by radio broadcast," the plaintiff "shall only recover special damages unless a correction is demanded and is not published".

The CNN Article and the *Cuomo Prime Time* at issue in this action are neither daily or weekly news publications nor radio broadcasts. The California statute does not apply on its face.

B.  *The California Law Does Not Apply To Plaintiff's Claim Of Defamation <u>Per Se</u>*

At common law, defamatory words that are actionable *per se* include (1) statements that "impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished", (2) statements "which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment", and (3) statements which prejudice such person in his profession or trade. *See, e.g., Tronfeld v. Nationwide Mutual Insurance Company*, 272 Va. 709, 713, 636 S.E.2d 447 (2006).

In Count I of the amended complaint, Plaintiff states a claim of defamation ***per se***. [*Amended Complaint, ¶ 48 ("CNN's false statements constitute defamation per se. The statements accuse and impute to Plaintiff the commission of felonies and crimes involving moral turpitude and for which Plaintiff may be punished and imprisoned in a state or federal institution. The statements impute to Plaintiff an unfitness to perform the duties of an office or employment for profit, or the want of integrity in the discharge of the*

*duties of such office or employment, including dishonesty, lack of candor, fraud and concealment, lack of ethics, self-dealing and conflicts of interest. CNN's false statements prejudice Plaintiff in his profession and employment as a United States Congressman.")*].

California Civil Code § 48a does not apply to claims of defamation *per se*, such as Plaintiff's claim in this case *See, e.g., Todd v. Lovecraft*, 2020 WL 60199, at * 20 N.D. Cal. 2020) ("[i]n addition to the other elements of a defamation claim, a claim for defamation ***per quod*** requires a plaintiff to plead special damages") (emphasis added); *Clark v. Hidden Valley Lake Association*, 2018 WL 3069285, at * 6 (N.D. Cal. 2018) ("Defendant's argument is without merit in this case, where plaintiff prevailed on his defamation per se claims. Under California law, defamation per se does not require proof of actual damages but instead presumes that the plaintiff has suffered such damages. 'The tactical significance of [using a] libel per se theory is obvious: If [the plaintiff] can plead and prove libel per se it need not prove special damages: 'Damage to plaintiff's reputation is conclusively presumed and he need not introduce any evidence of actual damages in order to obtain or sustain an award of damages'") (quotations and citations omitted).[4]

---

[4] Virginia law is in accord. Upon proof of defamation *per se*, "injury to plaintiff's personal and business reputation, humiliation, and embarrassment is presumed." *Virginia Model Jury Instruction No. 37.105 (citations omitted)*; *Askew v. Collins*, 283 Va. 482, 486, 722 S.E.2d 249 (2012) ("as a matter of law, the jury needed no proof of damages suffered by Collins on which to predicate its compensatory award based upon the per se defamation negligently published by Askew. The reputational damage to Collins resulting from Askew's statement was properly presumed, and the jury's award of compensatory damages to Collins [$350,000.00] was appropriate under established common law principles for per se defamation. Accordingly, the trial court did not err in refusing to set aside the verdict.").

C.      *California Civil Code § 48a Is A Procedural Law*

In Virginia, it is axiomatic and settled that the law of the forum – Virginia – governs matters of procedure.

California Civil Code § 48a is a matter of procedure. Merriam-Webster defines "procedure" as "a particular way of accomplishing something or of acting." [https://www.merriam-webster.com/dictionary/procedure]; *see also American Heritage Dictionary* 1404 (5th ed. 2018) ("a manner of proceeding; a way of performing of affecting something"); *Black's Law Dictionary* 1398 (10th ed. 2014) ("a specific method or course of action"); *Random House Dictionary* 1542 (2nd ed. 1987) ("an act or a manner of proceeding in any action or process; conduct").

Because it is a matter of procedure, California Civil Code § 48a does not apply.

D.      *California Civil Code § 48a Violates Virginia Public Policy*

There is no requirement in Virginia that a victim of defamation demand a correction prior to filing suit.

Grafting California Civil Code § 48a onto a cause of action for defamation would be contrary to Virginia law. It would impose an added statutory requirement in defamation cases that has never been adopted by the Virginia General Assembly.

E.      *Virginia or New York Law Applies – <u>Not</u> California*

In actions involving tortious publications, Virginia courts routinely define the place of the wrongful act as the state where the content at issue was published. *See, e.g., ABLV Bank v. Ctr. For Advanced Def. Studies, Inc*, 2015 WL 12517012, at * 1 (E.D. Va. 2015) ("[F]or libel claims, Virginia looks to where the statement was published.") (cited in *Cockrum v. Donald J. Trump for President, Inc.*, 365 F.Supp.3d 652, 669 (E.D. Va.

2019)); *PBM Products, LLC v. Mead Johnson Nutrition Co.*, 678 F.Supp.2d 390, 398 (E.D. Va. 2009) ("Because Mead Johnson alleges that the defamatory Press Release was issued in Virginia, Virginia law applies"); *id. Meadows v. Northrup Grumman Innovation Systems, Inc.*, 2020 WL 476671, at * 4 (W.D. Va. 2020) ("In defamation actions, the place of the harm has traditionally been considered to be the place where the defamatory statement was published, i.e., seen or heard by non-parties.") (quoting *Wells v. Liddy*, 186 F.3d 505, 521-522 (4th Cir. 1999)); *see also Edwards v. Schwartz*, 378 F.Supp.2d 468, 502 (W.D. Va. 2019) ("In defamation cases, Virginia courts apply the substantive law of the state where the defamatory statements were first published … When the alleged defamation is executed via email correspondence, the place of publication is dictated by the place where the email was opened and read."); *Scott v. Moon*, 2019 WL 332415, at * 3 fn. 5 (W.D. Va. 2019) ("Scott alleges that Moon published the statements at issue on a website that he controls from Florida. Accordingly, Florida law applies to Scott's claims against Moon"); *Scott v. Carlson*, 2018 WL 6537145, at * 2 fn. 3 (W.D. Va. 2018) ("Scott alleges that Carlson, a New York resident, published the statements at issue on a website that he created and on YouTube. Accordingly, New York law applies to Scott's claims against Carlson."). Publication occurs when the tortious content is "communicated to a third party" so as to be "heard and understood by such person." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F.Supp.2d 909, 915 (E.D. Va. 2004) (citing *Thalhimer Bros. v. Shaw*, 159 S.E. 87 (1931)).

Here, Plaintiff alleges that publication of the defamatory statements occurred in Virginia. [*Amended Complaint, ¶¶ 1, 8, 33, 37, 38, 44*]. Plaintiff also alleges that he suffered substantial injury in Virginia, where CNN's falsehoods were circulated to

9

millions, damaging Plaintiff's personal and professional reputation as Ranking Member of the House Intelligence Committee. [*Id.,* ¶ *17*]; *compare Keeton*, 465 U.S. at 777 ("The tort of libel is generally held to occur wherever the offending material is circulated. Restatement (Second) of Torts § 577A, Comment a (1977). The reputation of the libel victim may suffer harm even in a state in which he has hitherto been anonymous. The communication of the libel may create a negative reputation among the residents of a jurisdiction where the plaintiff's previous reputation was, however small, at least unblemished."). Even if publication occurred in New York and/or Georgia when CNN's tortious content was uploaded to its digital network and broadcast to the viewers of *Cuomo Prime Time*, Plaintiff alleges that he suffered the brunt of the harm to his professional reputation as Ranking Member of the House Intelligence Committee, and that plainly occurred in Virginia and the District of Columbia – not California.

At this stage of the proceeding, Plaintiff's allegations must be viewed in the light most favorable to him.[5] There is no need for the Court to guess what the Virginia Supreme Court would do or not do. Traditional choice of law rules, accepted and applied by this Court in *Cockrum* and many other cases cited above, demonstrate that California law does not and should not apply.

---

[5] CNN invites the Court to apply a "most significant relationship" test and to mechanically find that the state where "most" of the injury occurred is California, simply because this is Plaintiff's domicile. The Virginia Supreme Court has consistently rejected the "most significant relationship" test. In cases, such as this, where the injury is literally felt worldwide *because of the defendant's actions*, the traditional rule – the law of the place of publication – provides the most uniform and predictable result. Even if the Court were to follow the rationale in *Gilmore v. Jones*, however, under the facts of this case, as alleged in the amended complaint, Plaintiff's injuries are, in fact, concentrated in Virginia or the District of Columbia where Plaintiff performs his oversight of the Intelligence Community.

### F. *Plaintiff Alleges A Claim Of Common Law Conspiracy*

The elements of a claim of common law conspiracy are 1) an agreement between two or more persons; 2) to participate in an unlawful act; 3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; and 4) that the overt act was done pursuant to and in furtherance of the common scheme. *Harrell v. Colonial Holdings, Inc.*, 2013 WL 550424, at * 7 (E.D. Va. 2013) ("The 'unlawful act' element requires that at least one member of the conspiracy commit an 'underlying tort.' … This can include the inducement of a breach of contract or defamation, as alleged in this case.") (citations omitted).

The amended complaint clearly and unmistakably alleges that CNN and its agents conspired with Parnas and his attorneys to publish false and defamatory statements about Plaintiff. The amended complaint identifies (a) the purpose of the conspiracy, (b) when it was hatched, (c) who participated in the overt acts, (d) the acts of defamation published in furtherance of the joint plan, (e) the coordinated nature of the attacks, including the common theme and timing of the CNN Article, and (f) the role of each participant in accomplishing the common goal of the defamation campaign. [*Amended Complaint, ¶¶ 54-55*]; *compare Steele v. Goodman*, 382 F.Supp.3d 403, 424 (E.D. Va. 2019) ("Plaintiffs adequately plead (1) the existence of an agreement between Negron and Goodman (2) to defame Plaintiffs, resulting in the production and publication of allegedly defamatory videos that (3) caused Plaintiffs damages. Negron's participation in the production and publication of the videos constitutes an overt act to satisfy the fourth and final prong of the common law conspiracy claim"); *Ransome v. O'Bier*, 2017 WL 1437100, at * 4 (E.D. Va. 2017) ("In addition to alleging facts supporting a claim for defamation, Ransome also

alleges that O'Bier, Sterrett, and Berman conspired to defame him, and that they used personal email accounts to coordinate and communicate their defamatory publications. The Court therefore denies the motion to dismiss Ransome's Count II common-law conspiracy claim as it relates to defamation."); *Massey Energy Co. v. United Mine Workers*, 2005 WL 3476771, at * 1 (Fairfax Cir. 2005) ("Plaintiffs allege that Defendants conspired to defame and defamed Plaintiffs with the purpose of injuring them in their trade, business, and profession. Plaintiffs allege that this was done via a defamatory television advertisement broadcast into West Virginia and Virginia, a defamatory press release, and subsequently published articles containing that press release.").

## **CONCLUSION**

For the reasons stated above, the Court should deny CNN's motion to dismiss.


DATED: March 2, 2020


DEVIN G. NUNES


By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone: (804) 501-8272
      Facsimile: (202) 318-4098
      Email: stevenbiss@earthlink.net

      *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*