**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **DEVIN G. NUNES,** | |
| Plaintiff, | |
| v. | Civil No.: 3:19-CV-00889 |
| **CABLE NEWS NETWORK, INC.,** | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

WILLIAMS & CONNOLLY LLP

Dane H. Butswinkas (VSB No. 30562)
Kevin T. Baine (*pro hac vice*)
Stephen J. Fuzesi (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com

*Attorneys for Cable News Network, Inc.*

**TABLE OF CONTENTS**

I. THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE REP. NUNES FAILED TO COMPLY WITH THE RETRACTION STATUTE. ........................1

    A. The Statute Applies to the Publications at Issue. .....................................................1

    B. There Is No Exception to the Retraction Statute for "Defamation Per Se." ............2

    C. The Retraction Statute is Not "Procedural." ............................................................3

    D. The Retraction Statute Does Not Violate "Public Policy." .....................................3

    E. California Law Applies to the Claims in this Case. .................................................4

II. THE COMPLAINT FAILS TO STATE A CLAIM FOR CONSPIRACY FOR ADDITIONAL REASONS. ..................................................................................................7

CONCLUSION ................................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Adventure Outdoors, Inc. v. Bloomberg*, 2007 WL 9735875 (N.D. Ga. Dec. 18, 2007) ............ 5, 6

*Anschutz Entm't Grp., Inc. v. Snepp*, 90 Cal. Rptr. 3d 133 (Ct. App. 2009) ................ 2

*Ascend Health Corp. v. Wells*, 2013 WL 1010589 (E.D.N.C. Mar. 14, 2013) .......................... 5, 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 8

*Chesapeake Supply & Equip. Co. v. J.I. Case Co.*, 700 F. Supp. 1415 (E.D. Va. 1988) ............... 4

*Cockrum v. Donald J. Trump for President, Inc.*, 365 F. Supp. 3d 652 (E.D. Va. 2019) .............. 6

*Cox v. MAG Mut. Ins. Co.*, 2015 WL 1640513 (E.D. Va. Apr. 9, 2015) .......................... 8

*Dreher v. Budget Rent-A-Car Sys., Inc.*, 634 S.E.2d 324 (Va. 2006) ............................... 4

*Edwards v. Schwartz*, 378 F. Supp.2d 468 (W.D. Va. 2019) ................................... 5

*Gilmore v. Jones*, 370 F. Supp. 3d 630 (W.D. Va. 2019) ....................................... 5, 6, 7

*Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198 (4th Cir. 1979) ..................................... 3

*Harris v. Curtis Publ'g Co.*, 121 P.2d 761 (Cal. Dist. Ct. App. 1942) ............................. 2

*Hatfill v. Foster*, 415 F. Supp. 2d 353 (S.D.N.Y. 2006) ........................................ 5, 6, 7

*Hudson Assocs. Consulting, Inc. v. Weidner*, 2010 WL 1980291 (D. Kan. May 18, 2010) .......... 5

*In re Cable News Network*, 106 F. Supp. 2d 1000 (N.D. Cal. 2000) ............................. 2

*Kalpoe v. Superior Court*, 166 Cal. Rptr. 3d 80 (Ct. App. 2013) ................................. 2

*Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F.Supp. 2d 909 (E.D. Va. 2004) .................... 5

*King v. Am. Broad. Cos.*, 1998 WL 665141 (S.D.N.Y. Sept. 28, 1998) ........................... 2, 3

*Lawrence-Leiter & Co. v. Paulson*, 963 F. Supp. 1061 (D. Kan. 1997) ........................... 6

*Lokhova v. Halper*, 2020 WL 963032 (E.D. Va. Feb. 27, 2020) .................................. 8

*McMillan v. McMillan*, 219 Va. 1127 (1979) ..................................................... 7

*Meadows v. Northrup Grumman Innovation Sys., Inc.*, 2020 WL 476671 (W.D. Va. 2020) ......... 5

*Rybolt v. Jarrett*, 112 F.2d 642 (4th Cir. 1940) ...............................................................................3

*Spring v. United States*, 833 F. Supp. 575 (E.D. Va. 1993)..............................................................3

*Tate v. Hain*, 25 S.E.2d 321 (Va. 1943) (per curiam)......................................................................4

*Wells v. Liddy*, 186 F.3d 505 (4th Cir. 1999)...................................................................................5

*White v. Manchester Enter., Inc.*, 871 F. Supp. 934 (E.D. Ky. 1994) ..............................................2

**STATUTES**

Cal. Civ. Code § 48a.....................................................................................................................1, 2

2015 Cal. Legis. Serv. Ch. 343 .........................................................................................................1

In his opposition to CNN's motion to dismiss, Rep. Nunes effectively concedes that he did not comply with the requirements of the California retraction statute, and that he did not allege special damages, to which he would be limited under that statute. Instead, Rep. Nunes argues that the statute does not apply to this case—either because the statute does not apply to online and cable news reports, because the statute does not apply to claims of defamation *per se*, or because California law does not apply at all. But those arguments ignore the language of the retraction statute and all of the authorities cited in CNN's opening brief. And in almost all instances, they are unsupported by even a single relevant citation.

## I. THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE REP. NUNES FAILED TO COMPLY WITH THE RETRACTION STATUTE.

### A. The Statute Applies to the Publications at Issue.

Rep. Nunes devotes three sentences to his lead argument that the retraction statute does not apply to online and cable news reports. Opp. 6. There is no question that the publications at issue are covered by the statute.

Rep. Nunes ignores the fact that the retraction statute was expanded in 2015 to expressly cover online news reports, as CNN explained in its opening brief. *See* Cal. Civ. Code § 48a (including within the scope of the statute "a publication, either in print <u>or electronic form</u>, that contains news on matters of public concern and that publishes at least once a week") (emphasis added); CNN Mem. 14. In fact, it was the express "intent of the Legislature to ensure that weekly and <u>online publications</u> are afforded the same protection under section 48a of the Civil Code as is afforded to a daily newspaper." *See* 2015 Cal. Legis. Serv. Ch. 343 (A.B. 998) (emphasis added); *see also id.* (emphasizing that online publications, "which publish breaking news on deadlines indistinguishable from daily newspapers," should be covered, and abrogating two prior decisions). CNN's online article indisputably falls within the expanded scope of the statute.

1

It is equally "clear" that the statute applies to cable television news programming, as also explained in CNN's opening brief. *King v. Am. Broad. Cos.*, 1998 WL 665141, at *2 (S.D.N.Y. Sept. 28, 1998); *see also Kalpoe v. Superior Court*, 166 Cal. Rptr. 3d 80, 88 (Ct. App. 2013) ("The language of the statute clearly applies to all types of television shows."); CNN Mem. 14-15. Indeed, the retraction statute has been applied to CNN's television programming specifically. *See In re Cable News Network*, 106 F. Supp. 2d 1000, 1001 (N.D. Cal. 2000). Rep. Nunes entirely ignores these cases.

### B. There Is No Exception to the Retraction Statute for "Defamation Per Se."

Rep. Nunes's assertion that the retraction statute "does not apply to claims of defamation *per se*," Opp. 7, is equally baseless. It is unsupported by any case law and contradicted by the text of the statute.

Rep. Nunes invokes the common-law distinction between libel *per se* and libel *per quod*. But the statute makes no such distinction. Rather, the statute applies to "<u>any</u> action for damages for the publication of a libel in a daily or weekly news publication." *See* Cal. Civ. Code § 48a (emphasis added). Thus, irrespective of whether the claim is one for defamation *per se* or *per quod*, the statute provides that "plaintiff shall only recover special damages unless a correction is demanded and is not published or broadcast, as provided in this section." *Id.*

Consistent with this plain meaning, courts routinely have applied the retraction statute to bar claims of defamation *per se*. Indeed, CNN cited three such cases in its opening brief, all of which Rep. Nunes ignores. *See Kalpoe*, 166 Cal. Rptr. 3d at 87-88; *Anschutz Entm't Grp., Inc. v. Snepp*, 90 Cal. Rptr. 3d 133, 165 (Ct. App. 2009); *Harris v. Curtis Publ'g Co.*, 121 P.2d 761, 766, 769 (Cal. Dist. Ct. App. 1942); *see also, e.g.*, *White v. Manchester Enter., Inc.*, 871 F. Supp. 934, 937 (E.D. Ky. 1994) (rejecting argument that the Kentucky retraction statute would not apply to a per se claim). It would make no sense to limit a retraction statute to claims of defamation *per*

*quod,* and none of the cases cited by Rep. Nunes even addresses this point, let alone supports such an unreasonable interpretation.

### C. The Retraction Statute is Not "Procedural."

Rep. Nunes's argument that the retraction statute is "a matter of procedure" and therefore does not apply under Virginia choice of law principles, Opp. 8, is also meritless. He does not cite a single case holding that a retraction statute is anything other than a substantive limitation on a defamation right of action, and there is no authority that supports his position. As this Court has explained, "the right to recovery and the limits on recovery are substantive law." *See, e.g.*, *Spring v. United States*, 833 F. Supp. 575, 579 (E.D. Va. 1993) (quotation marks omitted) (holding that damages limitation under wrongful death statute was substantive); *see also, e.g.*, *Rybolt v. Jarrett*, 112 F.2d 642, 643 (4th Cir. 1940) (lex loci controls "the limit of damages"); *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1206 n.7 (4th Cir. 1979) ("Availability Vel non of punitive damages is clearly a matter of substantive right to be determined by reference to state law.").

Indeed, courts have rejected Rep. Nunes's argument and applied retraction statutes in diversity actions. In *Price v. Stossel*, for example, the plaintiff argued that the California retraction statute was "inapplicable because it is procedural." 2008 WL 2434137, at *6 n.12 (S.D.N.Y. June 4, 2008). The court disagreed, emphasizing that prior courts had held that the statute was substantive and applied in diversity actions. *Id.* (citing cases including *King v. ABC, Inc.*, 1998 WL 665141, at *2-4 (S.D.N.Y. Sept. 28, 1998) (applying California retraction statute and dismissing case)).

### D. The Retraction Statute Does Not Violate "Public Policy."

Rep. Nunes cites no authority in support of his contention that application of the California retraction statute would violate "Virginia public policy." Opp. 8. This argument is also baseless.

While Virginia courts may decline to apply foreign law as a matter of comity if the foreign law contravenes Virginia's public policy interests, this rare exception "is generally limited to 'something immoral [or] shocking to one's sense of right.' Were this not the case, choice of law rules would rarely operate." *Chesapeake Supply & Equip. Co. v. J.I. Case Co.*, 700 F. Supp. 1415, 1421 (E.D. Va. 1988) (alteration in original) (quoting *Tate v. Hain*, 25 S.E.2d 321, 325 (Va. 1943) (per curiam)); *see also, e.g.*, *Dreher v. Budget Rent-A-Car Sys., Inc.*, 634 S.E.2d 324, 330 (Va. 2006) (explaining that court would apply a New York statute even if it "was offensive").

Here, Rep. Nunes does not even attempt to explain what he understands Virginia "public policy" to be, beyond stating that there is no retraction statute in Virginia. But that is nothing more than an acknowledgment statement that a conflict of laws exists—which simply means a choice of law is required. Indeed, "[i]t is precisely because one state's rules may differ from another's that choice of law rules are necessary as a matter of comity among the states." *Chesapeake Supply & Equip. Co.*, 700 F. Supp. at 1421. The California retraction statute is neither "immoral" nor "shocking," and there is no compelling basis to set aside the statute on public policy grounds. *Id.*; *Dreher*, 634 S.E.2d at 330.

**E.    California Law Applies to the Claims in this Case.**

Finally, Rep. Nunes provides no valid reason why, under a choice of law analysis, the law of his home state should not apply to his claims. He appears to concede that, for purposes of choice of law, publication occurs where allegedly defamatory statements "were circulated"—that is, where "the tortious content is 'communicated to a third party' so as to be 'heard and understood by such person.'" Opp. 9 (quoting *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F.Supp. 2d 909, 915 (E.D. Va. 2004)).[1] But, as Rep. Nunes alleges in his Amended Complaint, the CNN coverage

---

[1] Rep. Nunes cites several other similar cases, including *Meadows v. Northrup Grumman Innovation Sys., Inc.*, 2020 WL 476671, at *4 (W.D. Va. 2020) ("In defamation actions, the place

4

at issue was "heard and understood" by viewers and readers in all 50 states—and even "around the World." *See* Am. Compl. ¶ 38. Rep. Nunes's general statement of the law therefore only underscores the problem presented by a multistate defamation case: a court cannot simply look to the place of publication to resolve choice of law when the publication occurred in 50 states at the same time. *See Wells v. Liddy*, 186 F.3d 505, 521-22 (4th Cir. 1999); CNN Mem. 8.

Rep. Nunes ignores the wealth of authority cited in CNN's opening brief, which makes clear that the "vast majority" of lex loci jurisdictions resolve this problem by applying the law of the state "where the plaintiff suffered the greatest injury." *See* CNN Mem. 9-13 (quoting *Hatfill v. Foster*, 415 F. Supp. 2d 353, 365 (S.D.N.Y. 2006)); *see also Gilmore v. Jones*, 370 F. Supp. 3d 630, 645 (W.D. Va. 2019); *Ascend Health Corp. v. Wells*, 2013 WL 1010589, at *2 (E.D.N.C. Mar. 14, 2013); *Adventure Outdoors, Inc. v. Bloomberg*, 2007 WL 9735875, at *3 (N.D. Ga. Dec. 18, 2007); *Hudson Assocs. Consulting, Inc. v. Weidner*, 2010 WL 1980291, at *6 (D. Kan. May 18, 2010). Of these authorities, Rep. Nunes mentions only *Gilmore* in a footnote.[2] And he fails altogether to grapple with the multiple reasons why these courts have applied this law, as set out in CNN's opening brief. CNN Mem. 9-13.[3]

---

of the harm has traditionally been considered to be the place where the defamatory statement was published, i.e., seen or heard by non-parties.") (quotation marks omitted); *Edwards v. Schwartz*, 378 F. Supp.2d 468, 502 (W.D. Va. 2019) ("When the alleged defamation is executed via email correspondence, the place of publication is dictated by the place where the email was opened and read."). *See* Opp. 8-9.

[2] In the footnote, Rep. Nunes erroneously suggests that "CNN invites the Court to apply a 'most significant relationship test,'" which the Virginia Supreme Court has rejected. Opp. 10 n.5. To the contrary, like the court in *Gilmore*, CNN explained at length that "the tests are different." CNN Mem. 11-12; *see Gilmore*, 370 F. Supp. 3d at 665 n.37 ("[t]he Court does not hold that the Supreme Court of Virginia would apply the Second Restatement's 'most significant relationship' test, which provides that defamation cases should be decided under the law of the state with "the most significant relationship to the occurrence and the parties") (emphasis added).

[3] Only one of the cases cited by Rep. Nunes actually analyzes the multistate defamation choice of law issue presented here: *Cockrum v. Donald J. Trump for President, Inc.*, 365 F. Supp. 3d 652,

5

Rep. Nunes also ignores his extensive allegations about his connections to California, including his specific allegation that he is a "citizen of California." Amend. Compl. ¶ 7. Courts have repeatedly held that an individual is deemed to have suffered injury from alleged defamation "where the plaintiff was domiciled, absent strong countervailing circumstances." *Hatfill*, 415 F. Supp. 2d at 365; *see Gilmore*, 370 F. Supp. 3d at 666 ("state where the plaintiff [was] primarily injured" was where he lived and worked); *see also* CNN Mem. 9-10, 13 (citing *Ascend Health Corp.*, 2013 WL 1010589, at *2; *Adventure Outdoors, Inc.*, 2007 WL 9735875, at *3; *Lawrence-Leiter & Co. v. Paulson*, 963 F. Supp. 1061, 1065 (D. Kan. 1997)). Rep. Nunes cites no authority to the contrary, and there are no such "strong countervailing circumstances here." Rather, it is a matter of both settled law and common sense that Rep. Nunes—a California Congressman who has lived his entire life in California, *see* Amend. Compl. ¶ 7—would have suffered primary harm in California.

Rep. Nunes now argues that harm was "concentrated in Virginia or the District of Columbia where Plaintiff performs his oversight of the Intelligence Community." Opp. 10 n.5. But he pleads no credible factual allegations of such concentrated harm. At most, the Amended Complaint merely alleges that most of the "national security apparatus" is in Virginia, Am. Compl. ¶ 7, and that he suffered "substantial injury" in Virginia, *id.* ¶ 17.[4] But such a conclusory assertion is simply no basis for overcoming the strong presumption that Rep. Nunes suffered his most significant injury in his state of domicile. After all, Rep. Nunes was elected to Congress by the

---

669 (E.D. Va. 2019). CNN addressed that case in its opening brief, which Rep. Nunes again ignores. *See* CNN Mem. 11-12.

[4] The Amended Complaint makes no reference at all to injury in the "District of Columbia." The fact that Rep. Nunes now also cites such injury—in the alternative—just further demonstrates the tenuous link to any injury in Virginia, as opposed to the state of his domicile.

6

people of his home district in California; it is, therefore, his reputation among the constituents of his home district that is of particular importance to his ability to continue his work in the nation's capital. Again, Rep. Nunes cites no case to the contrary. *See, e.g.*, *Hatfill*, 415 F. Supp. 2d at 365; CNN Mem. 9-11, 13.

Indeed, Rep. Nunes's argument conflicts with "the underlying rationale" of the lex loci rule itself: "'uniformity, predictability, and ease of application.'" *Gilmore*, 370 F. Supp. 3d at 665 (quoting *McMillan v. McMillan*, 219 Va. 1127 (1979)). How could it be predicted that the law of Virginia would apply to a news item published to a global audience about a California congressman's involvement in matters pertaining to Ukraine, where the journalist and the primary source are both located in New York City? The majority view, expressed in cases like *Gilmore* and *Hatfill*, achieves the goals of the lex loci rule. *See id.* at 664; *Hatfill*, 415 F. Supp. 2d at 365; CNN Mem. 13.

\*    \*    \*

In sum, Rep. Nunes does not present any valid reason to avoid the application of the California retraction statute here. Having conceded that he failed to comply with the statute and failed to plead the special damages to which he is limited under the statute, his Amended Complaint must be dismissed with prejudice.

## II. THE COMPLAINT FAILS TO STATE A CLAIM FOR CONSPIRACY FOR ADDITIONAL REASONS.

Rep. Nunes does not contest the point that if his defamation claim is dismissed on the basis of the retraction statute, his claim for conspiracy must be dismissed as well. CNN Mem. 19.

Moreover, his opposition fails to show how his conspiracy claim is anything but the type of conclusory allegation—"naked assertions devoid of factual enhancement"—that does not support a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets and internal quotation marks

7

omitted). For example, Rep. Nunes does not (and cannot) explain how his allegation of an agreement between CNN and Mr. Parnas is anything more than "a conclusory allegation of agreement," which is not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Cox v. MAG Mut. Ins. Co.*, 2015 WL 1640513, at *6 (E.D. Va. Apr. 9, 2015); CNN Mem. 20. Nor does he dispute that multiple courts in this District have dismissed similar conspiracy claims brought by his counsel on precisely these grounds. CNN Mem. 21 (citing cases). Indeed, in the few weeks since CNN filed its Motion, Judge Brinkema dismissed yet another case brought by the same counsel asserting a frivolous conspiracy claim. *See Lokhova v. Halper*, 2020 WL 963032, at *18 (E.D. Va. Feb. 27, 2020) (dismissing defamation and conspiracy claims, warning that "should Biss file further inappropriate pleadings or pursue frivolous post-judgment litigation against any of these defendants, sanctions might well be justified").

## **CONCLUSION**

For these reasons and those explained in CNN's opening brief, the Amended Complaint should be dismissed with prejudice.

Dated: March 12, 2020

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ *Dane H. Butswinkas*

Dane H. Butswinkas (VSB No. 30562)
Kevin T. Baine (*pro hac vice*)
Stephen J. Fuzesi (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com

*Attorneys for Cable News Network, Inc.*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of March 2020, I caused a true and correct copy of the foregoing Reply in Support of the Motion to Dismiss of Defendant Cable News Network, Inc. to be served on counsel of record via the Court's CM/ECF system.

/s/ *Dane H. Butswinkas*

Dane H. Butswinkas