IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEVIN G. NUNES,

    Plaintiff,

v.                              Civil Action No. 3:19-cv-889

CABLE NEWS NETWORK, INC.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO TRANSFER (ECF No. 14) (the "MOTION") of Cable News Network, Inc. ("CNN"). The Court has considered the MOTION, the supporting, opposing, and reply memoranda, and accompanying exhibits, the AMENDED COMPLAINT (ECF No. 18), and the ANSWER (ECF No. 23). For the reasons set forth below, the Southern District of New York (the "SDNY") is the more logical and convenient forum in which to adjudicate the claims here presented. Accordingly, CNN's MOTION TO TRANSFER (ECF No. 14) will be granted and the action will be transferred to the SDNY.

**BACKGROUND**

Plaintiff Devin G. Nunes ("Plaintiff" or "Nunes") represents California's 22nd Congressional District in the U.S. House of Representatives. (ECF No. 18 ¶ 7.) Nunes is represented by Steven S. Biss ("Biss") who maintains offices in Charlottesville,

Virginia. (Id. at 52 (signature page).) CNN is a Delaware corporation, headquartered in Georgia. (ECF No. 23 ¶ 8.) Only CNN is listed as a named defendant. For reasons neither explained nor readily apparent, the Amended Complaint lists, *inter alia*, Vicky Ward ("Ward") and Chris Cuomo ("Cuomo") as parties. (ECF No. 18 ¶¶ 9-10.) Ward is a senior reporter for CNN, and Cuomo anchors *Cuomo Prime Time*, which airs on CNN. (Id.; ECF No. 23 ¶¶ 9-10.) Nunes, Ward, and Cuomo are not alleged to live or work in Virginia.

The Amended Complaint involves two allegedly defamatory CNN publications: an online report that CNN published and on-air coverage of that report. On November 22, 2019, CNN published online, *Exclusive: Giuliani associate willing to tell Congress Nunes met with ex-Ukrainian official to get dirt on Biden* (the "Article"). (ECF No. 18 ¶ 34.) The Article reported that Joseph Bondy ("Bondy"), an attorney for Lev Parnas ("Parnas"), informed CNN that "Mr. Parnas learned from former Ukrainian Prosecutor General Victor Shokin that Nunes had met with Shokin in Vienna last December . . . ." (ECF No. 16-1 at 2.) The Article stated that "Congressional travel records show that Nunes and three aides traveled to Europe from November 30 to December 3, 2018," but that the "records do not specify that Nunes and his staff went to Vienna or Austria, and Nunes was not required to disclose the exact details of the trip." (Id. at 3.) The Article also stated that

2

CNN had sought comment from Nunes, among others. (Id.) The Article was written by Ward. (ECF No. 18 ¶ 9; ECF No. 16-1 at 2.) Michael Warren ("Warren"), Alex Rogers ("Rogers"), and Audrey Ash ("Ash") are listed as contributors. (ECF No. 16-1 at 5.) Ward submitted a declaration in which she stated that she resides and works at CNN's offices in New York, New York. (ECF No. 16-4 ¶ 1.) She also declared that Warren, Rogers, and Ash work in CNN's Washington, D.C. bureau. (Id. ¶ 6.)

After the Article was published, Ward appeared on CNN's *Cuomo Prime Time* and discussed the Article with Cuomo. (ECF No. 18 ¶ 37; ECF No. 16-4 ¶ 7.) After interviewing Ward, Cuomo interviewed Representative Katie Hill and discussed the information in the Article with her. (ECF No. 18 ¶ 37.) *Cuomo Prime Time* was broadcast from and produced in New York. (ECF No. 16-4 ¶ 7.)

The Amended Complaint also alleges that "CNN coordinated publication of the false and defamatory statements about [Nunes] across each of its platforms," including on Facebook and Twitter. (ECF No. 18 ¶ 38.) It also alleges that Ward's tweet concerning the Article "stated or implied that a meeting between [Nunes] and Shokin actually occurred and that, if the meeting had occurred, there would have been something wrong with it." (Id. ¶ 39 (internal emphasis omitted).)

3

Nunes asserts two counts in the Amended Complaint.  Count I alleges that "CNN's false statements constitute defamation *per se*" and that the statements "accuse" or "impute" that Nunes committed felonies or crimes of moral turpitude, was unfit to "perform the duties of an office or employment for profit," and acted without integrity.  (Id. ¶ 48.)  In Count I, Nunes also alleges that "CNN acted with actual malice and reckless disregard for the truth" because, *inter alia*: (1) "CNN, in fact, entertained serious doubts as to both the veracity of its sole source, Parnas, and the truth and accuracy of the statements in the [] Article," (id. ¶ 51(a)); (2) "CNN misrepresented the extent of its investigation and knowledge," (id. ¶ 51(b)); (3) "CNN continued to publish the statements in the face of unambiguous evidence of falsity," (id. ¶ 51(f)); and (4) "CNN, acting in concert with Parnas, manufactured the claims about [Nunes] out of whole cloth," (id. ¶ 51(j)).  Count II alleges common law conspiracy and that CNN conspired with Parnas and his attorneys "for the express purposes of defaming and injuring [Nunes] . . . ."  (Id. ¶ 54.)  Nunes seeks over $435 million in damages.  (Id. at 51 (prayer for relief).)

Before addressing the MOTION, it is appropriate to note that another judge of this Court recently said that:

> It is with chagrin that [the] Court must begin
> to    address    this    motion    by    observing
> that . . . Plaintiff[] engages in *ad hominin*
> attacks against [CNN and others in the Amended
> Complaint,]    which    the    Court    cannot

4

> tolerate. . . . The Court reminds Counsel for
> Plaintiff[] that, as an officer of the Court,
> he may be sanctioned for engaging in conduct
> unbefitting of this Court. Local Rule
> 83.1(J), which pertains to "Courtroom
> Decorum," has equal force on the papers:
> "Counsel shall at all times conduct and demean
> themselves with dignity and propriety."

Steele v. Goodman, 3:17-cv-601, 2019 WL 3367983, at *3 (E.D. Va.

July 25, 2019) (Lauck, J.) (quoting E.D. Va. Loc. Civ. R. 83.1(J)).

Unfortunately, that circumstance also reflects some of the papers

filed in this case.

## DISCUSSION

28 U.S.C. § 1404(a) permits the transfer of civil cases and

provides that:

> For the convenience of parties and witnesses,
> in the interest of justice, a district court
> may transfer any civil action to any other
> district or division where it might have been
> brought or to any district or division to
> which all parties have consented.

To determine whether a § 1404(a) transfer is appropriate, "a

district court must make two inquiries: (1) whether the claims

might have been brought in the transferee forum, and (2) whether

the interest of justice and convenience of the parties and

witnesses justify transfer to that forum." Koh v. Microtek Int'l,

Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). "District courts

within [the Fourth Circuit] consider four factors when deciding

whether to transfer venue: (1) the weight accorded to plaintiff's

choice of venue; (2) witness convenience and access; (3)

5

convenience of the parties; and (4) the interests of justice."
Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing
Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015). The "decision
whether to transfer an action pursuant to § 1404(a) is committed
to the sound discretion of the district court." BHP Int'l Inv.,
Inc. v. OnLine Exch., Inc., 105 F. Supp. 2d 493, 498 (E.D. Va.
2000) (quoting Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp.
582, 591 (E.D. Va. 1992)) (internal quotation marks omitted). The
moving party—here, CNN—has the burden of showing that transfer is
proper. Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d
627, 631 (E.D. Va. 2006).

## A. The Action Could Have Been Brought in the Southern District of New York.

The first step in the transfer analysis, which requires that
both venue and jurisdiction with respect to the defendant be proper
in the transferee district, looks to whether the action could have
originally been brought in the Southern District of New York.
Koh, 250 F. Supp. 2d at 630; see also Hengle v. Curry, No. 3:18-
cv-100, 2018 WL 3016289, at *5 (E.D. Va. June 15, 2018). Neither
party disputes that the case could have been brought in the SDNY.
(ECF No. 16 at 5-6; ECF No. 20 at 2 n.2.)

Both subject matter and personal jurisdiction exist over CNN
in the SDNY. Subject matter jurisdiction exists pursuant to 28
U.S.C. § 1332 because the "parties are citizens of different States

and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and fees." (ECF No. 18 ¶ 16.) Likewise, personal jurisdiction over CNN exists in the SDNY because CNN transacts business within New York, (ECF No. 16 at 5). N.Y. C.P.L.R. 302(a)(1) ("[A] court may exercise personal jurisdiction over any non-domiciliary, . . . who in person or through an agent: 1. transacts any business within the state . . . ."). Accordingly, the SDNY would have jurisdiction over CNN.

The SDNY is also a proper venue for this action. Venue is proper under 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred" in New York. Venue is also proper under § 1391(b)(1) because CNN "resides" in New York, given that CNN is subject to personal jurisdiction there. Consequently, because jurisdiction and venue would both be proper in the SDNY, Nunes could have brought this case there, thus satisfying the first transfer inquiry.

**B. The Section 1404(a) Factors Weigh in Favor of Transfer.**

In the second step of the § 1404(a) transfer analysis, a court must weigh the following factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015). These factors strongly support transfer to the SDNY.

### (1)   Plaintiff's Choice of Forum

"As a general rule, a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." Id. (quoting Bd. of Trs. v. Sullivant Ave. Props., LLC, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)) (internal quotation marks omitted). "But, if the plaintiff's choice of forum is neither the nucleus of operative facts nor the plaintiff's home forum, the plaintiff's choice is accorded less weight." Seaman v. IAC/InterActive Corp., Inc., No. 3:18-cv-401, 2019 WL 1474392, at *4 (E.D. Va. Apr. 3, 2019).

It is undisputed that the Eastern District of Virginia is not Nunes's home forum. (ECF No. 20 at 7 (Nunes stating that he "is a citizen of California").) That Nunes "works at the Capitol within a few minutes' drive of Virginia," (id.), and "participates in oversight of the U.S. national security apparatus, including the intelligence-related activities of seventeen agencies, departments, and other elements of the United States Government, most of which is located in Virginia," (ECF No. 18 ¶ 7), does not alter this fact. Additionally, as in Seaman, 2019 WL 1474392, the offending act at issue—the publication of the Article—did not occur in Virginia. The Article was researched, written, and published

in New York and, to some extent, Washington, D.C.[1]  Its subject

matter has nothing to do with Virginia, and the Eastern District

of Virginia is thus not the nucleus of operative facts.

It is true that the Article could have been accessed on the

Internet in Virginia.  (See, e.g., ECF No. 18 ¶ 8.)  It is also

true that some of the alleged reputational injury occurred in

Virginia.  However, those tethers to Virginia are insufficient to

warrant according Nunes's choice of forum any significant

preference.[2]  "The first alleged connection (Internet access) has

no limiting principle when it comes to online publications.  If

accepted, that notion would mean that, in similar cases involving

online publications, a plaintiff's choice of forum would be given

significant weight in virtually any judicial district because the

Internet is everywhere."  Seaman, 2019 WL 1474392, at *5.

The Eastern District of Virginia is not Nunes's home forum,

and there is no logical connection between the events in this case

and this district.  Thus, Nunes's choice of forum is entitled only

to slight deference.  On the facts of this case, the SDNY is a

---

[1]   Although Washington, D.C. is geographically close to Virginia, it does not fall within the Eastern District of Virginia's boundaries.

[2]   Although Nunes's counsel has his offices in Virginia, "convenience to counsel is not an appropriate consideration in resolving a motion to transfer venue." Seaman, 2019 WL 1474392, at *5 n.7 (quoting Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 635 (E.D. Va. 2003)) (internal quotation marks omitted).

more appropriate venue because the Article was primarily written there and CNN, Ward, and Cuomo reside there.

**(2)   Witness Convenience and Access**

"The convenience of witnesses is of considerable importance when considering a transfer, especially the convenience of non-party witnesses, whose location should be afforded greater weight in deciding a motion to transfer venue."   Id.   "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience."   Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 636 (E.D. Va. 2003).   In other words, "the influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony."   Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1258 (E.D. Va. 1988).   "To satisfy their burden that a forum is inconvenient for witnesses, the Defendants must provide particularized information of a witness's potential testimony, how that testimony is material and non-cumulative, or the degree to which it will be inconvenient to access that testimony in this district."   Seaman, 2019 WL 1474392, at *5.

"Witness convenience is often dispositive in transfer decisions. . . . Inconvenience to a witness whose testimony is cumulative is not entitled to greater weight.  By contrast, greater weight should be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue."  Baylor Heating & Air Conditioning, Inc., 702 F. Supp. at 1258.  "In many instances, the original forum is convenient for plaintiff's witness, but inconvenient for defendant's witnesses, and the reverse is true for the transferee forum.  Under these circumstances, transfer is inappropriate because the result of transfer would serve only to 'shift the balance of inconvenience.'"  Id. (quoting E. Sci. Mktg. v. Tekna-Seal Corp., 696 F. Supp. 173, 180 (E.D. Va. 1988)).

CNN argues that the witness convenience factor "squarely supports transfer" because Ward, Cuomo, and Bondy all reside in New York.  (ECF No. 16 at 8; ECF No. 16-4 ¶¶ 1, 5.)  "[I]t is a fairly elementary proposition that the author of an allegedly defamatory article [(Ward)] is a key witness about the writing of the article, the research [s]he did, and the claims [s]he asserts in the article."  Seaman, 2019 WL 1474392, at *6.  With respect to Cuomo, the Amended Complaint alleges that "Cuomo and Ward vouched for the [Article] as if it were fact, . . . and published further defamatory statements about [Nunes] . . . ."  (ECF No. 18 ¶ 37.)  Consequently, Cuomo will likely be an additional key

11

witness.   Likewise, Bondy is likely to be an additional key witness because he was the primary source of the Article.   (See, e.g., id. ¶ 39; ECF No. 16 at 8.)   That all three key witnesses reside in New York favors transfer.

The only witness Nunes has identified as residing in Virginia is Parnas's former attorney, Edward MacMahon, who was mentioned only once in the Article and who has not been shown to be a material witness.   (ECF No. 20 at 11; see ECF No. 16-1 at 3.)   Additionally, Nunes contends that Jake Tapper ("Tapper"), who resides in Washington, D.C., and Parnas and Igor Fruman ("Fruman")—Parnas's business partner and co-defendant, (ECF No. 18 ¶ 26)—who reside in Florida, are "material witnesses."   (ECF No. 20 at 11.)   It is clear that Tapper is not a material witness.   The Amended Complaint only asserts that Tapper stated that Parnas had a credibility issue and "republished" the Article on social media, not that Tapper was directly involved in either the Article or the *Cuomo Prime Time* broadcast at issue.   (ECF No. 18 ¶¶ 4, 38.)   With respect to Parnas and Fruman, even assuming that they are material witnesses, both of these witnesses would need to travel from Florida, and New York is likely to be more accessible than Richmond, Virginia. Additionally, as CNN notes, both Parnas and Fruman are under indictment in the SDNY.   (See ECF No. 24 at 5.)

The Court credits CNN's assertion that Ward, Cuomo, and Bondy will be key witnesses and finds that Nunes has provided no evidence

of any material witnesses or evidence located in this District. Thus, on this record, this factor favors transfer.

**(3) Convenience of the Parties**

The third factor is the convenience to the parties in litigating in either the Eastern District of Virginia or the SDNY. CNN, as the movant, "must show (1) that the original forum is convenient for [it,] and (2) that [Nunes] will not be substantially inconvenienced by the transfer." Seaman v. IAC/InterActive Corp., Inc., No. 3:18-cv-401, 2019 WL 1474392, at *6 (E.D. Va. Apr. 3, 2019). The parties' residence "is a consideration in this assessment, but 'residence is not a controlling factor and may be outweighed in the context of a particular case by countervailing considerations relevant to the convenience of the witnesses and the interest of justice.'" Id. (quoting 15 Fed. Prac. & Proc. Juris. § 3849 (4th ed.)).

This factor supports transfer. Litigating in New York will clearly be more convenient for CNN, given that it "has a substantial presence in New York" and two of its key witnesses—Ward and Cuomo—reside and maintain their records in New York. (See ECF No. 16 at 9.) In contrast, because Nunes does not live in Virginia, let alone in Richmond, he will have to travel whether the action is tried in New York or in this district. Although Nunes works in Washington, D.C. and the distance between Washington, D.C. and New York is greater than the distance between

13

Washington, D.C. and Richmond, Nunes "has not identified any reason why he would not or could not travel to New York." See Seaman, 2019 WL 1474392, at *6. Indeed, Nunes "is a citizen of California," (ECF No. 18 ¶ 7), and will likely find it easier to travel from California to one of New York's three major airports than to Richmond, Virginia.

Consequently, although "the SDNY will require some additional travel for [Nunes], it will be significantly more convenient for [CNN, its] witnesses, and the production of evidence." Seaman, 2019 WL 1474392, at *7. "[W]here the plaintiff chooses a forum away from home . . ., plaintiff's venue choice is given less weight and if the venue substantially inconveniences defendants, transfer may be ordered." Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1259 (E.D. Va. 1988). Because (1) litigating in the SDNY is substantially more convenient for CNN, (2) Virginia is not Nunes's home forum, and (3) Nunes has not identified any reason why he cannot travel to New York, this factor supports transfer.

### (4) Interest of Justice

"The last factor for the Court to consider is 'the interest of justice,' which encompasses public interest factors aimed at 'systemic integrity and fairness.'" Seaman, 2019 WL 1474392, at *7 (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 30 (1988)). "Judicial economy and the avoidance of inconsistent judgments are

14

prominent among the principal elements of systemic integrity." Id. Other factors include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 639 (E.D. Va. 2003). "Systematic integrity must also take account of a party's attempt to game the federal courts through forum manipulation." Seaman, 2019 WL 1474392, at *7 (quoting Hengle v. Curry, No. 3:18-cv-100, 2018 WL 3016289, at *11 (E.D. Va. June 15, 2018)) (internal quotation marks and alteration omitted).

The parties dispute whether California or New York law applies to this case. (ECF No. 16 at 10-11; ECF No. 20 at 12-14.) If, as Nunes contends, New York law applies, the Southern District of New York clearly would be more familiar with New York substantive law and would be better suited to hear this action. And, if California law applies, as CNN contends, the Court has no doubt that the SDNY is familiar with California defamation law and able to try this case.

With respect to docket conditions, it is possible that the case may be resolved more promptly in the EDVA than in the SDNY. However, "the docket conditions here and in the SDNY are not

drastically different."[3]  Seaman, 2019 WL 1474392, at *7.  "Thus,

the differences in docket conditions between the SDNY and the EDVA

are minor considerations that receive little weight if all other

reasonable and logical factors result in a transfer of venue."

Id. (quoting Koh, 250 F. Supp. 2d at 639) (internal quotation marks

and alteration omitted).  For the aforementioned reasons, the

other reasonable and logical factors support transferring this

case.

Lastly, the Court has significant concerns about forum

shopping.  As the Court has explained to Plaintiff's counsel on

numerous occasions, the "Court cannot stand as a willing repository

for cases which have no real nexus to this district.  The 'rocket

docket' certainly attracts plaintiff[s], but the Court must ensure

that this attraction does not dull the ability of the Court to

continue to act in an expeditious manner."  Id. (quoting Phillips

v. Uber Techs., Inc., No. 3:15-cv-544, 2016 WL 165024, at *3 (E.D.

Va. Jan. 13, 2016)) (internal citations and quotation marks

omitted).  Because this case is only slightly connected to this

---

[3]    The Court acknowledges that New York has been more severely
impacted by the COVID-19 pandemic.  However, the Eastern District
of Virginia has, like most courts in the country, been affected by
the pandemic as well, and the magnitude of any delays in trying
the case in New York due to the pandemic is not likely to be so
significant as to cause this factor to militate against transfer.

district, this factor militates in favor of transfer to the Southern District of New York.[4]

## CONCLUSION

For the reasons set forth above, CNN has satisfied its burden of showing that a § 1404(a) transfer is warranted. Accordingly, CNN's MOTION TO TRANSFER (ECF No. 14) will be granted, and the case will be transferred to the Southern District of New York.

It is so ORDERED.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 21, 2020

---

[4]   CNN has also filed a MOTION TO DISMISS AMENDED COMPLAINT (ECF No. 21). Because this action will be transferred to the Southern District of New York, the Court will not resolve the pending MOTION TO DISMISS AMENDED COMPLAINT (ECF No. 21), which is best resolved by the transferee court.